896 A.2d 564

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Harmon WESLEY, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 17, 2005.

Decided April 25, 2006.

Jules Epstein, Esq., Philadelphia, for Harmon Wesley.

Peter Rosalsky, Esq., Philadelphia, for amicus curiae Defender Association of Philadelphia.

Hugh J. Burns, Esq., Philadelphia, Mary Huber and Ronald Eisenberg, for the Commonwealth of Pennsylvania.

BEFORE: CAPPY, C.J., and CASTILLE, NIGRO, NEWMAN, SAYLOR, EAKIN and BAER, JJ.

## ORDER

PER CURIAM.

Appeal dismissed as having been improvidently granted.

Former Justice Nigro did not participate in the decision of this case.

Justice BAER files a concurring statement in which Justice NEWMAN joins.

Justice BAER, concur.

In this appeal, Appellant Harmon Wesley was convicted by a jury in criminal court, and the Superior Court affirmed the

judgment of sentence. On appeal, Appellant raises issues regarding the prosecutor's closing arguments and the jury instructions during his criminal trial. Our Court now dismisses Appellant's appeal as having been improvidently granted.

I write separately to note that although Appellant complains of the prosecutor's closing arguments and the jury instructions, he has not provided this Court with a transcript covering the complained-of closing remarks and jury charge, making substantive review impossible. I concur with the majority's disposition because it is incumbent on Appellant to ensure that this Court is provided with documents necessary to a complete assessment of his arguments for reversal, and Appellant has failed to do so. *See* Pa.R.A.P.1931, explanatory cmt. (2004). Whether such failure is the result of ineffective assistance of counsel must be left for another day. *See Commonwealth v. Grant*, 572 Pa. 48, 813 A.2d 726 (2002).

Justice NEWMAN joins this concurring statement.