**COMMONWEALTH of Pennsylvania,**

v.

**Andre ROBINSON, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 26, 2006.

Filed Aug. 2, 2007.

---

J. Garland Giles, Philadelphia, for appellant.

Max Kaufman, Asst. Dist. Atty., Philadelphia, for Com., appellee.

BEFORE: FORD ELLIOTT, P.J., STEVENS, MUSMANNO, ORIE MELVIN, LALLY–GREEN, TODD, KLEIN, BENDER, and BOWES, JJ.

OPINION BY LALLY–GREEN, J.:

¶ 1 Appellant, Andre Robinson, appeals from the judgment of sentence entered on October 27, 2004, as made final by the denial of post-sentence motions on November 9, 2004. We affirm.

¶ 2 The factual and procedural history of the case is somewhat complex. The Commonwealth charged Appellant with various offenses arising from three different incidents involving Appellant's daughter, A.E. The first incident took place in the fall of 1997, when Appellant touched A.E.'s breasts and vagina while she was asleep in his bed. The second incident took place in the summer of 1999, when Appellant asked A.E. to sleep in his room. When she awoke in the morning, her bra was unsnapped and her vagina was hurting. The third incident took place in August 2000, when Appellant fondled A.E.'s breasts and stomach while she was lying in his bed.

¶ 3 The case proceeded to a bench trial. The court found Appellant guilty of three counts of corruption of minors and two counts of indecent assault.[1] On February 26, 2003, the court sentenced Appellant to an aggregate prison term of 11½ to 23 months, followed by five years of probation. Appellant filed post-sentence motions, challenging the weight and sufficiency of the evidence. The Commonwealth also filed post-sentence motions, seeking an increase in the sentence. On March 31, 2003, the trial court denied Appellant's post-sentence motions and granted the Commonwealth's post-sentence motions. The court re-sentenced Appellant to an aggregate prison term of three to six years, plus a term of probation.

¶ 4 Appellant appealed to this Court, raising the following claims: (1) weight of the evidence for all charges; (2) sufficiency of the evidence for all charges; (3) merger of indecent assault and corruption of minors for sentencing purposes; and (4) abuse of discretion in sentencing. In an unpublished memorandum, this Court rejected the weight, sufficiency, and merger claims. We then *sua sponte* declared that the sentence for indecent assault was illegal, because the six-year maximum term imposed by the court exceeded the five-year statutory maximum for first-degree misdemeanors. Thus, we remanded for resentencing without considering Appellant's challenges to the discretionary aspects of the sentence.

¶ 5 On remand, the trial court again imposed an aggregate prison sentence of three to six years, with a consecutive probation term of five years. Specifically, the court imposed a sentence of two and one-half to five years for one count of corruption of minors, a consecutive term of six to 12 months for a second count of corruption of minors, and a consecutive probation term of five years on the third count of

---

1. Unfortunately, the trial transcript and the certified record are not particularly clear on which charges correspond to which incidents. According to a prior panel of this Court, the verdict reflected findings of guilt as follows: corruption of minors and indecent assault for the 1997 incident; corruption of minors for the 1999 incident; and corruption of minors and indecent assault for the 2000 incident. *Commonwealth v. Robinson*, 859 A.2d 835 (Pa.Super. July 22, 2004) (unpublished memorandum). After reviewing the record, we see no reason to disagree with the panel's assessment on this point.

corruption of minors. The court also imposed a term of six to 12 months on the first count of indecent assault, concurrent to the first count of corruption of minors. No penalty was imposed for the second count of indecent assault. Thus, the court imposed the same aggregate prison term without any single sentence exceeding the statutory maximum for that charge.

¶ 6 Appellant filed a motion for reconsideration, which the trial court denied without a hearing. This appeal followed. Appellant argued, *inter alia,* that the trial court acted vindictively when sentencing him. The three-judge panel that was scheduled to hear this appeal petitioned the full Court to grant *en banc* review on the question of whether a claim of vindictiveness in sentencing implicates the legality of the sentence. As noted *infra,* conflicting Superior Court case law exists on this issue. One function of *en banc* review is to harmonize or overrule prior precedent if necessary. Pa.R.A.P. 2543 (note); Superior Court I.O.P. § 65.38(B)(1). Thus, we will consider that issue in this opinion.

¶ 7 Appellant raises the following issues on appeal:

1. Did the trial court err and/or abuse discretion, thereby committing reversible error, in resentencing Mr. Robinson to 2½ to 5 years [sic] term where the resentence was illegal in that it stemmed from vindictiveness by significantly increasing the initial 11½ to 23 months sentence without justifiable reason and included a 5–year probation element to the sentence although the offenses of indecent assault and corruption of a minor merge for sentencing purposes?

2. Did the trial court err and/or abuse discretion, thereby committing reversible error, in resentencing Mr. Robinson

manifestly outside the guidelines without appreciation of the guidelines; had exceeded the guidelines without articulating adequate reason on the record; had double counted the offense gravity score and/or prior record score, and had resentenced without considering all the relevant factors or otherwise without formulating an individualized sentence?

Appellant's Brief at 1.[2]

¶ 8 First, Appellant argues that the court acted vindictively by increasing the sentence from the original aggregate term (11½ to 23 months) to its current aggregate term (three to six years). Appellant argues that the court vindictively increased the original sentence as a result of his decision to file post-sentence motions.

¶ 9 First, we must address the Commonwealth's claim that this issue is waived under Pa.R.A.P. 2119(f). Criminal defendants do not have the automatic right to challenge the discretionary aspects of their sentence. Rather, they must seek permission. Pa.R.A.P. 2119(f); *Commonwealth v. Tuladziecki,* 513 Pa. 508, 522 A.2d 17, 19–20 (1987); *Commonwealth v. Goggins,* 748 A.2d 721, 726 (Pa.Super.2000) *(en banc), appeal denied,* 563 Pa. 672, 759 A.2d 920 (Pa.2000). If a defendant fails to include an issue in his Rule 2119(f) statement, and the Commonwealth objects, then the issue is waived and this Court may not review the claim. *Commonwealth v. Roser,* 914 A.2d 447, 457 (Pa.Super.2006), *appeal denied,* 592 Pa. 788, 927 A.2d 624 (2007).

¶ 10 In contrast, a defendant need not include within his Rule 2119(f) statement any challenges to the legality of the sentence. A challenge to the legality of

**2.** On December 16, 2004, the trial court ordered Appellant to file a concise statement of matters complained of on appeal under Pa. R.A.P. 1925. Appellant timely complied on December 23, 2004. The trial court issued a Rule 1925 opinion on June 24, 2005.

the sentence may be raised as a matter of right, is non-waivable, and may be entertained so long as the reviewing court has jurisdiction. *Commonwealth v. Berry,* 877 A.2d 479, 482 (Pa.Super.2005), *appeal denied,* 591 Pa. 688, 917 A.2d 844 (Pa.2007).

■ ¶ 11 Here, the Commonwealth objected to the fact that Appellant did not include the vindictiveness issue in his Rule 2119(f) statement. In response, Appellant argues that this was unnecessary, because his claim implicates the legality of the sentence. Again, this is the issue for which we granted *en banc* review.

¶ 12 We begin with the cases cited by Appellant. Appellant relies on three late 1980's panel decisions: *Commonwealth v. Walker,* 390 Pa.Super. 76, 568 A.2d 201 (1989), *appeal denied,* 527 Pa. 645, 593 A.2d 418 (Pa.1990); *Commonwealth v. Maly,* 384 Pa.Super. 369, 558 A.2d 877 (1989); and *Commonwealth v. Mikesell,* 371 Pa.Super. 209, 537 A.2d 1372 (1988), *appeal denied,* 520 Pa. 587, 551 A.2d 214 (Pa.1988).[3] In *Walker,* this Court wrote in a footnote that "[a] claim that a court increased the punishment for a crime in violation of the due process clause as interpreted in [*North Carolina v. Pearce,* 395 U.S. 711, 725, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) ] is regarded as an attack on the legality of [the] sentence." *Walker,* 568 A.2d at 203 n. 1. This statement in *Walker*

was *dicta,* because there is no indication that waiver was ever at issue in that case. Similarly, in *Maly,* this Court described the defendant's claim of vindictiveness as a challenge to the "legality" of the sentence, without significant analysis or any indication that waiver was at issue. *Maly,* 558 A.2d at 878.

¶ 13 In *Mikesell,* the imposition of a more severe sentence and double jeopardy were addressed. There, this Court held that the defendant's claim of vindictiveness implicated the legality of the sentence even though Judge Beck, in dissent, argued that the claim implicated the discretionary aspects of the sentence. In a footnote, the *Mikesell* majority reasoned:

> Appellant does not argue, as the dissent suggests, that the sentencing judge abused his discretion by failing to state adequate reasons on the record for imposing an enhanced sentence. He argues, instead, that imposition of the more severe sentence constitutes double jeopardy, and violates *North Carolina v. Pearce,* 395 U.S. 711[, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) ].

*Mikesell,* 537 A.2d at 1380 n. 1.[4]

¶ 14 Almost ten years after that trio of decisions, this Court issued a seminal *en banc* opinion addressing the distinction between the legality of the sentence and the discretionary aspects of the sentence.

---

**3.** *See also Commonwealth v. Johnson,* 860 A.2d 146, 149 (Pa.Super.2004) (citing *Walker* for the proposition that a claim of vindictiveness implicates the legality of the sentence); *Commonwealth v. McHale,* 2007 PA Super 131, ¶ 6, 924 A.2d 664 (citing *Johnson* for the same proposition).

**4.** We observe that if the *Mikesell* defendant's claim sounded in double jeopardy, that claim was misplaced because the *Pearce* Court had held explicitly that a claim of vindictiveness does not implicate double jeopardy concerns. *Pearce,* 395 U.S. at 722–723, 89 S.Ct. 2072. Thus, *Mikesell* is not persuasive authority that

a claim of vindictiveness implicates the legality of the sentence, at least on a double jeopardy theory. Indeed, the instant case is somewhat different from the usual *Pearce*-type claim, where the defendant is resentenced after his conviction or judgment of sentence has been overturned. Here, Appellant is arguing that the trial court increased the original sentence (from a minimum term of less than one year to a minimum term of three years) because Appellant filed post-sentence motions. Particularly in light of *Pearce,* we cannot conclude that double jeopardy concerns arise from such a situation.

*Commonwealth v. Archer*, 722 A.2d 203, 209–210 (Pa.Super.1998) (*en banc*). Since *Archer*, this Court *en banc* has revisited the topic several times. *See, e.g., Commonwealth v. Williams*, 900 A.2d 906 (Pa.Super.2006), *appeal denied*, 591 Pa. 673, 916 A.2d 1102 (Pa.2007); *Commonwealth v. Jacobs*, 900 A.2d 368 (Pa.Super.2006); *Berry; Goggins.*

¶ 15 Through these *en banc* cases, we have established the principle that "the term 'illegal sentence' is a term of art that our Courts apply narrowly, to a relatively small class of cases." *Berry*, 877 A.2d at 483. This class of cases includes: (1) claims that the sentence fell "outside of the legal parameters prescribed by the applicable statute"; (2) claims involving merger/double jeopardy; and (3) claims implicating the rule in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *See Jacobs*, 900 A.2d at 372–373 (citations omitted). These claims implicate the fundamental legal authority of the court to impose the sentence that it did. *Id.*

¶ 16 Most other challenges to a sentence implicate the discretionary aspects of the sentence. *Archer*, 722 A.2d at 209–210. This is true even though the claim may involve a legal question, a patently obvious mathematical error, or an issue of constitutional dimension. *Id.; Jacobs*, 900 A.2d at 373–374.[5] Moreover, the mere fact that a rule or statute may govern or limit the trial court's exercise of discretion in sen-

tencing does not necessarily convert the claim into one involving the legality of the sentence. *Id.* at 373–375. For example, we recently held that the denial of the right of allocution was a challenge to the discretionary aspects of the sentence, even though both a statute and a rule of criminal procedure mandated that a court provide allocution before sentencing. *Jacobs*, 900 A.2d at 377; *Williams*, 900 A.2d at 909.[6]

¶ 17 Here, Appellant's claim is one of vindictiveness. In light of recent *en banc* case law, such a claim must be viewed as one implicating the discretionary aspects of the sentence. Appellant's claim does not fall within the "narrow class of cases" described above; he is not claiming that the sentence fell outside of the parameters prescribed by a statute, or that the claim implicates double jeopardy or *Apprendi* principles. More generally, he is not arguing that the trial court lacked the legal authority/jurisdiction to impose a sentence of that length or type. Instead, Appellant is essentially claiming that the court exercised its **discretion** in a way that is harsh, unreasonable, and motivated by impermissible factors such as personal animus or revenge. These are the very hallmarks of a claim that implicates the discretionary aspects of a sentence. *See, e.g., Goggins; Archer; Berry; see also Commonwealth v. Gould*, 912 A.2d 869, 872 (Pa.Super.2006); *Commonwealth v. Hernandez*, 783 A.2d

5. Even ten years before *Archer*, this Court issued an *en banc* opinion advising that "if a sentencing court considers improper factors in imposing sentence upon a defendant, the court thereby abuses its discretion, but the sentence imposed is not rendered illegal. Otherwise, every erroneous consideration by a sentencing court will render the sentence illegal in a manner which cannot be waived by a defendant. This is not the law. Indeed, even issues of constitutional dimensions can be waived." *Commonwealth v. Krum*, 367

Pa.Super. 511, 533 A.2d 134, 136 (1987) (*en banc*) (citations omitted).

6. In *Jacobs*, we wrote that the right of allocution "is not a statutory mandate." *Jacobs*, 900 A.2d at 371 (citation omitted). That is not accurate. As we noted in the companion case to *Jacobs*, the right to allocution is set forth in a statute, as well as in our Rules of Criminal Procedure. *Williams*, 900 A.2d at 910, *citing* 42 Pa.C.S.A. § 9752(a)(2).

784, 787 (Pa.Super.2001). For the reasons set forth above, we are constrained to disapprove *Walker, Maly, Mikesell, Johnson,* and *McHale* to the extent that they suggest that a claim of vindictiveness is a nonwaivable challenge to the legality of the sentence.

¶ 18 We recognize that a claim of vindictiveness implicates due process concerns. *Commonwealth v. Speight,* 578 Pa. 520, 854 A.2d 450, 455 (2004), *citing Pearce,* 395 U.S. at 725, 89 S.Ct. 2072; *see also McHale,* 2007 PA Super 131, ¶ 14, 924 A.2d 664. In *Speight,* our Supreme Court reasoned that a sentencing court may not punish a defendant for exercising his constitutional rights, or chill the exercise of those rights by resentencing a defendant vindictively. *Id.* at 455.

¶ 19 These concerns do not compel a different result in the instant case. *Speight* did not hold that a claim of vindictiveness implicated the legality of the sentence. Indeed, to date, our Supreme Court has not squarely decided whether a constitutional violation in sentencing necessarily implicates the legality of the sentence. *Jacobs,* 900 A.2d at 373 n. 6, *citing McCray v. Pa. Dep't of Corr.,* 582 Pa. 440, 872 A.2d 1127, 1134 (2005) (Saylor, J., concurring) (there exists a "prevailing uncertainty concerning the breadth of the legality-of-sentence exception to general principles of waiver and preclusion"). Until and unless our Supreme Court holds otherwise, we hold that any due process concerns arising from vindictiveness in sentencing are waivable as well. Such a holding is consistent with our Supreme Court's longstanding precedent that claims of a constitutional dimension can be waived,[7] and with our own recent *en banc* precedent.[8]

¶ 20 As stated above, a claim of vindictiveness is a waivable challenge to the discretionary aspects of the sentence. Appellant failed to include this claim within his Rule 2119(f) statement. The Commonwealth has objected. Thus, we hold that this issue is waived. *Tuladziecki; Goggins; Roser.*

¶ 21 Even assuming *arguendo* that Appellant's claim implicated the legality of the sentence, he would not be entitled to relief. As noted above, claims of vindictiveness ordinarily arise where a defendant has been resentenced to a more severe sentence after successfully having his first conviction overturned on appeal. *Pearce.* The prohibition against vindictiveness is designed to prevent courts from punishing defendants for freely exercising their legal rights. *Speight,* 854 A.2d at 455. Thus, if the court imposes a harsher sentence after a retrial, a presumption of vindictiveness applies. *Id.* That presumption can be overcome by pointing to "objective information in the record justifying the increased sentence." *Id.* (citation omitted); *see also Commonwealth v. Campion,* 449 Pa.Super. 9, 672 A.2d 1328 (1996), *appeal denied,* 545 Pa. 668, 681 A.2d 1340 (Pa. 1996).

¶ 22 This Court has extended those same principles to situations where the trial court increased a sentence after the defendant filed post-sentence motions, and where the court did not justify the increase in any way. *Hernandez,* 783 A.2d at 787–788; *see also Commonwealth v. Serrano,* 727 A.2d 1168, 1170 (Pa.Super.1999).[9] Finally, in *Speight,* our Su-

---

**7.** *Commonwealth v. Edmondson,* 553 Pa. 160, 718 A.2d 751, 753 (1998).

**8.** We respectfully urge our Supreme Court to provide further guidance on this complex and recurring issue.

**9.** The *Serrano* Court expanded the *Pearce* rule.

preme Court set forth the following broader principles for determining whether a presumption of vindictiveness applies:

A court may not punish an Appellant for exercising appellate rights. In cases where there is no actual vindictiveness, but instead there is an apprehension on the part of a defendant to exercise his legal rights due to a fear of retaliation from the court, a presumption of vindictiveness may arise. In such cases, a court may reverse the defendant's conviction only if it applies a presumption of vindictiveness, which would then be applicable to all cases. A court may adopt the presumption of vindictiveness only where there is a reasonable likelihood of vindictiveness. The inquiry is whether there is a reasonable danger a state may have retaliated against the accused for exercising a legal right.

*Speight,* 854 A.2d at 455 (citations and brackets omitted).

¶ 23 With that background in mind, we turn to the unusual procedural history of this case. Appellant argues that during the original sentencing hearing, where the court imposed an aggregate sentence of 11½ to 23 months, the trial court explicitly warned him against filing a motion for reconsideration of that sentence:

THE COURT: Mr. Robinson, you have ten days to ask me for reconsideration. It is perfectly within your right. You contact [your counsel] and he will submit the paperwork. If you ask me for reconsideration, I am already struggling with this. I'm being candid with you. If you ask me for reconsideration, I'll put myself at peace by sending you to the state. Because then I won't have

to sweat this anymore. I am trying to figure out what is right to do to protect [the victim], to protect your other children. But also not to deny your other children the right to a father. I am just not at peace. You ask me for reconsideration and I'm taking this out of my hands and I'll make my life easy.

N.T., 2/26/2003, at 29. The record reflects that, in response, Appellant did not file a motion challenging the length of his sentence. Rather, he challenged the weight and sufficiency of the evidence.

¶ 24 On the other hand, the Commonwealth filed a motion to reconsider the sentence, claiming that the sentence was too lenient. The Commonwealth also argued that Appellant was not eligible for work release. N.T., 3/31/2003, at 10–12. The trial court granted the Commonwealth's motion, and imposed a higher aggregate sentence of three to six years. Appellant argues that this sequence of events raises a presumption of vindictiveness.

¶ 25 Initially, we stress that we do not in any way condone the trial court's remarks. The trial judge's ominous warning to refrain from filing a motion to reconsider the sentence was inappropriate. Indeed, it can be interpreted as creating a legitimate "apprehension on the part of a defendant to exercise his legal rights due to a fear of retaliation from the court[.]" *Speight,* 854 A.2d at 455. We further caution trial judges from making similar remarks in the future.

¶ 26 On the other hand, the record does not reflect that the trial court actually acted vindictively against Appellant. A

---

In *Pearce,* the United States Supreme Court wrote: "In order to assure the absence of such a [vindictive] motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for doing so must affirmatively appear." The *Serrano* Court omitted the words "after a new trial." *Serrano,* 727 A.2d at 1170.

fair reading of the record reflects that the trial court increased the sentence based on the Commonwealth's motion to reconsider the sentence, not on Appellant's motion regarding the weight and sufficiency of the evidence. *See Speight*, 854 A.2d at 455–456 (where PCRA court vacates death sentence but then reinstates death sentence in response to Commonwealth's motion to reconsider, "[t]his is not retaliatory or vindictive, but rather reflects the legal error of the prior order."). Given that the trial court has the discretion to modify its own sentence in response to a Commonwealth motion for reconsideration, we are disinclined to apply a presumption of vindictiveness. *See id.* Moreover, even assuming *arguendo* that the presumption did apply, for reasons set forth *infra* we would conclude that the trial court adequately justified the increased sentence. Appellant's first claim fails because it is waived; even assuming it was not waived, Appellant would not be entitled to relief.

▇▇▇ ¶ 27 We now turn to Appellant's second claim: that the court illegally imposed separate sentences for corruption of minors and indecent assault, because those offenses merge.[10] Initially, we note that merger is a nonwaivable challenge to the legality of the sentence. *Jacobs.* The issue is a pure question of law, allowing for plenary review. *Commonwealth v. Johnson*, 874 A.2d 66, 70 (Pa.Super.2005), *appeal denied*, 587 Pa. 720, 899 A.2d 1122 (Pa.2006).

▇▇▇ ¶ 28 Our Courts have long held that where a defendant commits multiple distinct criminal acts, concepts of merger do not apply. *Commonwealth v. Anderson*, 538 Pa. 574, 650 A.2d 20 (1994); *Johnson*, 874 A.2d at 70; *see also* 42 Pa.

C.S.A. § 9765 ("no crimes shall merge for sentencing purposes unless the crimes **arise from a single criminal act** and all of the statutory elements of one offense are included in the statutory elements of the other offense.") (emphasis added).

. ▇▇▇ ¶ 29 Here, the record reflects that Appellant was convicted of three separate counts of corruption of minors. These three counts arose from three separate incidents in the fall of 1997, the summer of 1999, and August of 2000. These three incidents, separated by great lengths of time, undeniably constituted three separate criminal acts. Thus, concepts of merger do not apply for those three counts. *Anderson; Johnson.*

▇▇▇ ¶ 30 Next, the record reflects that Appellant was sentenced to a term of six to 12 months for indecent assault on Bill # 1, concurrent to the charge of corruption of minors at Bill # 4. Unfortunately, the certified record is not clear on which charges correspond to which incidents or acts. Nevertheless, the record supports a finding that Appellant committed both indecent assault and corruption of minors during the 1997 incident. *See* footnote 1, p. 2. Thus, we will consider the merger question with respect to that incident.

▇▇▇ ¶ 31 In the 1997 incident, Appellant fondled the victim's breasts and touched her vagina. The threshold question is whether Appellant committed one solitary criminal act. The answer to this question does not turn on whether there was a "break in the chain" of criminal activity. *Commonwealth v. Wesley*, 860 A.2d 585, 592 (Pa.Super.2004), *appeal dismissed as improvidently granted*, 586 Pa.

---

**10.** Unfortunately, Appellant's argument on this point is somewhat convoluted, and is interspersed with arguments involving the sufficiency of the evidence for certain counts.

*See* Appellant's Brief at 11–15. We will respond to Appellant's arguments as best as we are able.

621, 896 A.2d 564 (2006). Rather, the answer turns on whether "the actor commits multiple criminal acts beyond that which is necessary to establish the bare elements of the additional crime[.]" *Id.* at 592, *quoting Commonwealth v. Belsar,* 544 Pa. 346, 676 A.2d 632 (1996). If so, then the defendant has committed more than one criminal act. *Id.* This focus is designed to prevent defendants from receiving a "volume discount on crime" of the sort described in our Supreme Court's decision in *Anderson:*

> If multiple acts of criminal violence were regarded as part of one larger criminal transaction or encounter which is punishable only as one crime, then there would be no legally recognized difference between a criminal who robs someone at gunpoint and a criminal who robs the person and during the same transaction or encounter pistol whips him in order to effect the robbery. But in Pennsylvania, there is a legally recognized difference between these two crimes. The criminal in the latter case may be convicted of more than one crime and sentences for each conviction may be imposed where the crimes are not greater and lesser included offenses.

*Wesley,* 860 A.2d at 592, *quoting Anderson,* 650 A.2d at 22.

¶ 32 Here, we conclude that Appellant's touching of the minor victim's breasts constitutes corruption of minors. *See Commonwealth v. Smith,* 863 A.2d 1172, 1177 (Pa.Super.2004); 18 Pa.C.S.A. § 6301. Appellant also touched the victim's vagina. This act constituted indecent assault. *Smith,* 863 A.2d at 1177; 18 Pa. C.S.A. § 3126. The indecent assault was a separate criminal act, involving a separate part of the victim's body. Moreover, this second touching went beyond what was necessary to complete the first crime of corruption of minors. Thus, we conclude that merger does not apply, and the trial court did not commit a legal error by imposing separate sentences for corruption of minors and aggravated assault. *Wesley; Anderson.* Appellant's second claim fails.[11]

¶ 33 Finally, Appellant argues that the trial court abused its discretion when sentencing him. Appellant raises five distinct sub-claims in support of this position. First, he argues that the trial court sentenced him outside the sentencing guidelines without first understanding and considering the guidelines themselves.

¶ 34 Where the trial court orders an Appellant to file a concise statement of matters complained of on appeal under Pa.R.A.P.1925, any issue not contained in that statement is waived on appeal. *Commonwealth v. Castillo,* 585 Pa. 395, 888 A.2d 775 (2005); *Commonwealth v. Lord,*

---

11. We note that in a prior appeal, a three judge panel of this Court considered whether indecent assault and corruption of minors merged for sentencing purposes. Given this prior ruling, the parties debate whether the law of the case doctrine applies. In general, the doctrine provides that "a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of the same court or by a higher court in the earlier phases of the matter." *Commonwealth v. Wallace,* 582 Pa. 234, 870 A.2d 838, 842 n. 4 (2005) (citation omitted). We decline to apply the doctrine because the trial court's most recent sentence was structured differently from the sentence that the prior panel considered.

Moreover, as a result of our disposition, we need not address our Supreme Court's decision in *Commonwealth v. Jones,* 590 Pa. 356, 912 A.2d 815 (2006). In *Jones,* our Supreme Court issued its most recent opinion discussing the law of merger in situations where a **single criminal act** is involved. In the instant case, we have concluded that the two acts in the 1997 incident were separate criminal acts. Thus, *Jones* does not apply.

553 Pa. 415, 719 A.2d 306, 309 (1998). The record reflects that Appellant failed to include this issue in his concise statement. Accordingly, it is waived. *Id.*

¶ 35 Second, Appellant argues that the trial court imposed an unreasonable and excessive sentence, reflecting a fixed animus against child molesters. Again, the record reflects that Appellant failed to include this issue in his concise statement. Accordingly, it is waived.

¶ 36 Third, Appellant argues that the trial court imposed an unreasonable and excessive sentence, outside of the guidelines, without providing an adequate explanation.[12] As noted above, in order to obtain permission to hear this claim on the merits, Appellant must include it in his Rule 2119(f) statement. *Goggins,* 748 A.2d at 726. The statement must raise a substantial question that the sentence is inconsistent with a particular provision of the Sentencing Code, or is contrary to the fundamental norms underlying the sentencing process. *Id.* at 727. Appellant has done so. *Id.* at 728 (a claim that the court imposed a sentence outside the guidelines without stating adequate reasons raises a substantial question). Thus, we turn to the merits. Our standard of review is well settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an

error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Fullin,* 892 A.2d at 847, *quoting Commonwealth v. Rodda,* 723 A.2d 212, 214 (Pa.Super.1999) (en banc).

¶ 37 If a court chooses to sentence a defendant outside of the sentencing guidelines, it should state on the record adequate reasons for the deviation. *Commonwealth v. Walls,* 846 A.2d 152, 158 (Pa.Super.2004), *reversed on other grounds,* 592 Pa. 557, 926 A.2d 957 (2007).

¶ 38 Here, the record reflects that the trial court imposed a statutory maximum term of two and one-half to five years for one of the counts of corruption of minors, a first-degree misdemeanor. This sentence does exceed the sentencing guidelines, which sets forth a standard range of 12 to 18 months (plus or minus three months) for offenders with a prior record score of five (such as Appellant). *See* 204 Pa.Code § 303.16. The record also reflects that the trial court did not specifically state why the sentence for that particular count exceeded the sentencing guidelines. On the other hand, we must bear in mind that the court imposed highly mitigated sentences, or no sentence at all, on the other four first-degree misdemeanor charges.[13]

---

12. The record reflects that Appellant preserved this issue by raising it in post-sentence motions, in a timely concise statement, and in his Rule 2119(f) statement. *See Commonwealth v. Fullin,* 892 A.2d 843, 847 n. 2 (Pa.Super.2006).

13. Again, aside from the statutory maximum sentence on the one count of corruption of minors, the court imposed a consecutive term

of six to 12 months for a second count of corruption of minors, and a consecutive probation term of five years on the third count of corruption of minors. The court also imposed a term of six to 12 months on the first count of indecent assault, concurrent to the first count of corruption of minors. No penalty was imposed for the second count of indecent assault.

¶ 39 We do not in any way condone the trial court's noncompliance with *Walls* as to the first count of corruption of minors. Nevertheless, we will not conclude that the court abused its discretion without first addressing the more relevant question of whether the trial court imposed adequate reasons for the sentence as a whole, given the court's obvious intent to impose an aggregate sentence of three to six years. *See Commonwealth v. Marts*, 889 A.2d 608, 613–615 (Pa.Super.2005).

¶ 40 We also note that this aggregate sentence was significantly lower than the aggregate would have been if the court had imposed consecutive, standard-range sentences for all five charges. In fact, the aggregate sentence is roughly equivalent to three standard-range, consecutive sentences: *i.e.*, a standard-range sentence for each of the three criminal incidents. Moreover, the record reflects that the court did state adequate reasons for the sentence as a whole. At the initial sentencing hearing in February 2003, the court extensively considered and discussed Appellant's presentence report, his criminal history, issues surrounding the fact that he has nine children with five different women, the facts of the case, and Appellant's failure to show remorse. On reconsideration in March 2003, the court increased the aggregate sentence based on Appellant's ineligibility for work release, the Commonwealth's arguments for a higher sentence, Appellant's low prospects for rehabilitation, and his continuing refusal to show remorse because he insisted on his innocence. N.T., 3/31/2003, at 19–20.

¶ 41 On remand from this Court in October 2004, the court corrected its prior legal error, reiterated its position from March of 2003, and added that a "standard range sentence" [14] was appropriate because the case involved incest, and because of the lasting effect of the crimes on Appellant's young and credible victim. N.T., 10/27/2004, at 18. In summary, the record reflects that the court stated adequate reasons for the aggregate sentence that it imposed. This claim fails.

¶ 42 In his fourth and fifth arguments concerning the discretionary aspects of the sentence, Appellant argues that the court imposed a manifestly excessive sentence by failing to carefully consider all relevant factors, and by impermissibly double-counting factors that are already incorporated into the guidelines. Both of these claims raise substantial questions. *Walls; Commonwealth v. Parlante*, 823 A.2d 927 (Pa.Super.2003). For the reasons set forth above, however, we conclude that they are meritless. Accordingly, we affirm the judgment of sentence.

¶ 43 Judgment of sentence affirmed.

¶ 44 KLEIN, J.: files a Dissenting Opinion, which is joined by BENDER, J. and BOWES, J.

¶ 45 BENDER, J.: files a Dissenting Opinion, which is joined by KLEIN, J. and BOWES, J. concurs in the result.

DISSENTING OPINION BY KLEIN, J.:

¶ 1 Ever since the United States Supreme Court's decision in *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969),[15] the law has been that

---

14. While the court was incorrect in its assessment that the sentences were "standard range," we do agree that the practical effect of the sentence was indeed to impose three standard-range, consecutive sentences. Again, we note that Appellant has waived his claim that the trial court sentenced him without first appreciating and understanding the guidelines.

15. *Pearce* was later overruled in part on other grounds by *Alabama v. Smith*, 490 U.S. 794,

if an increase in sentence following an appeal is motivated by vindictiveness on the part of the sentencing judge, the vindictive sentence violates the Due Process Clause of the Fourteenth Amendment. Therefore, the claim of vindictiveness in this case is not only a claim of an unlawful sentence, but also a claim of an unconstitutional sentence. Because I believe that the claim of vindictiveness is a claim of illegality, we cannot dismiss the matter for the failure to file a Pa.R.A.P. 2119(f) statement. I believe that if the claim is made out, Robinson will have proven an illegal sentence and, thus, is entitled to a remand for a third resentencing.

¶ 2 Upon reaching the merits, I believe it is clear that what was stated on the record confirms that the trial judge did what she said she would do at the initial sentencing—*i.e.*, impermissibly punish Robinson for filing post-sentence motions and taking an appeal. The only reasons the trial judge gave for tripling Robinson's sentence and imposing a sentence that was twice what the Commonwealth requested were that Robinson was ineligible for work release and that now, only four weeks after the initial sentencing, he could not be rehabilitated. That is not enough.

¶ 3 Moreover, when our Court remanded the matter for a second resentencing because the prior sentence was illegal for exceeding the statutory maximum, the trial judge imposed the same aggregate sentence, by simply rearranging the individual sentences for the various charges. Therefore, I believe that: (1) there is a strong appearance of vindictiveness; (2) the imposition of a sentence vindictively because a defendant challenges that sentence through post-sentence motions and an appeal is illegal and unconstitutional; and (3) the matter should be remanded for a third resentencing.[16]

### There is Strong Evidence of Vindictiveness by the Sentencing Judge

¶ 4 I believe that the sentence ultimately imposed could be justified *if* it did not appear to be motivated by vindictiveness and *if* appropriate reasons had been stated on the record, at least at the second sentencing hearing.

¶ 5 However, it appears in this case that the trial judge acted vindictively. Case law following *Pearce* does not change the principle that it is illegal and unconstitutional to use vindictiveness as a basis to impose a greater sentence after an appeal. Subsequent cases by our courts hold that merely because a new sentence after an appeal is greater, that does not automatically mean that the sentence was based on vindictiveness. Rather, a presumption of vindictiveness arises, which can be rebutted. *See, e.g., Commonwealth v. Speight,* 578 Pa. 520, 854 A.2d 450 (2004); *Commonwealth v. Campion,* 449 Pa.Super. 9, 672 A.2d 1328 (1996). In my view, there is no way the presumption can be rebutted in this case.

¶ 6 Here, Robinson need not rely on a mere *presumption* of vindictiveness, where the trial judge made apparently vengeful statements on the record. *See Texas v.*

109 S.Ct. 2201, 104 L.Ed.2d 865 (1989). The *Smith* Court held that the presumption of vindictiveness is not applicable where the initial sentence was the result of a guilty plea, as opposed to a trial. That is not the case here, so the rule in *Pearce* still applies.

**16.** Under *Com. v. Whitmore,* 590 Pa. 376, 912 A.2d 827 (2006), it appears that we do not have the authority to direct that the case be assigned to a new judge for resentencing *sua sponte*. We express no opinion as to whether under the circumstances it would be an abuse of discretion for the trial judge to refuse to entertain a motion for recusal because of the appearance of bias.

*McCullough,* 475 U.S. 134, 138, 106 S.Ct. 976, 89 L.Ed.2d 104 (1986) ("Where the prophylactic rule of *Pearce* does not apply, the defendant may still obtain relief if he can show actual vindictiveness upon resentencing.") At the initial sentencing, the judge stated:

> Mr. Robinson, you have ten days to ask me for reconsideration. It is perfectly within your right. You contact [defense counsel] and he will submit the paperwork. If you ask me for reconsideration, I am already struggling with this. I'm being candid with you. **If you ask me for reconsideration, I'll put myself at peace by sending you to the State. Because then I won't have to sweat this anymore.**
>
> . . .
>
> I said if he asks for reconsideration of the sentence, I will impose the sentence that I think will give me peace of mind that these children in the community are protected.

(N.T., 2/26/03, at 29, 32 (emphasis added).) Four weeks later, following post-sentence motions, the trial judge resentenced Robinson to a state prison term of three to six years, instead of the previously imposed county prison term of 11½ to 23 months. Coupled with the trial judge's prior statements, this indicates that she imposed the higher sentence because Robinson exercised his right to file post-sentence motions.

¶ 7 In fact, Robinson filed post-sentence motions on March 3, 2003. Perhaps remembering what the trial judge stated at the initial sentencing, on March 5, 2003, *the Commonwealth* filed a motion to reconsider the sentence. The facts of the resentencing hearing held on March 31, 2003, only four weeks after the initial sentencing, support the finding of vindictiveness. Robinson's post-sentence motion challenged the weight and sufficiency of the evidence to support his convictions. In its post-sentence motion, the Commonwealth asserted that the sentence was two weeks short of the standard range and, since Robinson was ineligible for the work release initially ordered, that he should receive a state sentence. After the hearing, the trial judge resentenced Robinson to *three to six years* for both counts of indecent assault and five years' probation for each of three counts of corruption of minors.

¶ 8 Moreover, Robinson's claim that the trial judge gave insufficient reasons to support the increased sentence at the March 31, 2003 hearing appears to have merit. The trial judge tripled the sentence to three to six years from less than one to two years. The Commonwealth, however, only asked for a standard-range sentence, which would have been one to two years or one-and-one-half to three years. (*See* N.T., 3/31/03, at 14.) Thus, the sentence imposed was twice what the Commonwealth requested. The Commonwealth *never* asked for more than a standard-range sentence; it only stated that there were no mitigating circumstances and that the previously ordered work release could not be carried out. Nonetheless, on her own volition and with no apparent support for the statement, the trial judge stated, "What [the prosecutor] wants is five to ten." (*Id.* at 15.)

¶ 9 There were no real reasons stated on the record for the greatly enhanced sentence. All that the trial judge said about the enhanced sentence was the following:

> And, based on the fact that you are ineligible for work release, and based on the fact that you are not amenable to rehabilitation, again your position, I hereby impose a sentence of three to six years incarceration concurrent on the two counts of indecent assault, followed

by sixty months reporting probation, supervised by the State on the three counts·of [corruption of minors] concurrent.

(*Id.* at 19–20.) The fact·that the judge initially erred in imposing work release does not justify tripling the sentence, and a cryptic statement that now Robinson is not "amenable to rehabilitation," when he was four weeks earlier, does not justify the sentence. In my view, to sanction this type of conduct by finding waiver will result in a successful ineffectiveness claim in a Post Conviction Relief Act petition or, if that fails, a federal habeas corpus petition. It is a waste of time and judicial resources.

¶ 10 Not only was the three—to six-year sentence illegal because it was vindictive and chilled the defendant's right to appeal, but it also exceeded the statutory maximum for indecent assault. Therefore, on direct appeal, this Court reversed and remanded for resentencing.

¶ 11 On remand, the trial judge imposed the same three—to six-year sentence, but rearranged the sentences so that rather than sentencing beyond the statutory maximum for indecent assault, the judge gave the statutory maximum of two-and-one-half years and tacked on six months for corruption of minors, which again came out to an aggregate term of three to six years.

¶ 12 At the October 27, 2004 resentencing hearing, the trial judge initially gave *no* reasons for the sentence, stating, "Mr. Robinson, basically bottom line what I have done is give you the same sentence that I had given you, which is three to six years incarceration, plus five years reporting probation.... So, I'm writing it differently, but nothing has changed." (N.T., 10/27/04, at 14–15.) If nothing had changed in the 18 months that had passed since the last sentencing, when Robinson *did* take many steps in prison to deal with his problems, then how could it have

changed in the four weeks between the first and second sentencing hearings?

¶ 13 It was only *after* the three—to six-year sentence was reimposed and defense counsel raised the issue of vindictiveness that the trial judge attempted to justify the sentence. The only statement at this· point that could conceivably be considered a reason for the sentence is the following:

And I don't have to say anything more than what is said back on the record on March 31st of '03 [the first resentencing hearing following post-sentence motions].

But if you need for it to be abundantly clear ... this standard range sentence is abundantly appropriate, because it was his daughter. This is a case of incest. His daughter was highly credible. And that was what I, as factfinder, determined.... The evidence was sufficient to support the convictions.

Accordingly, a standard range, given his prior record score, the unique facts of the case, and the ongoing trauma that the child will suffer having been sexually assaulted by her father, and at this point in time the best science that we have tells us that these children never fully recover. The standard range sentence is appropriate, and that is what I have imposed.

(*Id.* at 18.)

¶ 14 As noted by the majority, if a trial court chooses to sentence a defendant outside of the sentencing guidelines, it should state on the record adequate reasons for the deviation. *Commonwealth v. Walls,* 846 A.2d 152, 158 (Pa.Super.2004), *reversed on other grounds,* 592 Pa. 557, 926 A.2d 957 (2007). Likewise, if a trial judge *changes* a sentence after an appeal, the judge should say what has changed in the interim to justify a greater sentence. The trial judge did not do that in this case.

Where the trial judge initially imposes a county sentence, and then later more than triples the sentence and imposes a state sentence twice as long as what the Commonwealth requested, absent a detailed statement from the judge on the record, one can only surmise that the trial judge kept her word and took revenge on Robinson for filing post-sentence motions and an appeal. This is unconstitutional. *See Pearce, supra; see also Speight,* 854 A.2d at 455 (sentencing court may not punish defendant for exercising his or her constitutional rights or chill exercise of those rights by resentencing defendant vindictively).

### A Claim of Vindictiveness Implicates the Legality of Sentencing

¶ 15 In *Pearce, supra,* the United States Supreme Court held that the Due Process Clause of the Fourteenth Amendment precludes an increased sentence on retrial when the increase is motivated solely by the sentencing judge's vindictiveness. The Supreme Court stated:

> Due process of law ... requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.

395 U.S. at 725, 89 S.Ct. 2072; *accord Speight, supra.*

¶ 16 While cases have held that a lengthier sentence on remand does not necessarily mean that the motivation was vindictiveness, the trial judge must state reasons on the record to affirmatively demonstrate that there was a different motivation. *See*

*Speight,* 854 A.2d at 455; *Campion,* 672 A.2d at 1333. Here, there is no showing of any motivation other than the trial judge's direct threat to the defendant regarding the consequences if he were to file post-sentence motions and an appeal. When the defendant did, a significantly harsher sentence was imposed.

¶ 17 The majority relies on several *en banc* decisions by this Court to support its conclusion that a claim of vindictiveness by the sentencing judge is a challenge to the discretionary aspects of sentencing, rather than its legality. *See Commonwealth v. Williams,* 900 A.2d 906 (Pa.Super.2006) (*en banc* ) (claim of denial of right of allocution implicates discretionary aspects), *app. denied,* 591 Pa. 673, 916 A.2d 1102 (Pa.2007); *Commonwealth v. Jacobs,* 900 A.2d 368 (Pa.Super.2006) (*en banc* ) (same), *app. denied,* 591 Pa. 681, 917 A.2d 313 (Pa.2007); *Commonwealth v. Berry,* 877 A.2d 479 (Pa.Super.2005) (*en banc* ) (claim that trial court violated plea agreement by imposing consecutive sentences and by not allowing defendant to withdraw his plea implicates discretionary aspects), *app. denied,* 591 Pa. 688, 917 A.2d 844 (Pa.2007); *Commonwealth v. Archer,* 722 A.2d 203 (Pa.Super.1998) (*en banc* ) (claim of improper calculation of offense gravity score implicates discretionary aspects).

¶ 18 The majority notes that legality of sentencing claims are generally limited to: (1) claims that the sentence was outside the statutory maximum; (2) claims involving merger or double jeopardy; and (2) claims implicating the rule in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *See Jacobs,* 900 A.2d at 372–73 & n. 6; *see also Berry,* 877 A.2d at 483 ("illegal sentence" is term that our courts apply to "a relatively small class of cases").

¶ 19 The majority recognizes that while a claim of vindictiveness implicates due

process concerns, our Supreme Court has not determined whether a constitutional violation in sentencing necessarily implicates the legality of the sentence. *See Jacobs,* 900 A.2d at 373 n. 6 ("[O]ur Supreme Court has not squarely addressed the issue ... [of] whether all sentencing errors of a constitutional dimension implicate the legality of the sentence.") Nonetheless, the majority finds that a vindictiveness claim does not fall within the three categories of "legality" claims recognized in *Jacobs* and other recent *en banc* cases. It further finds that Robinson's claim is, in effect, a claim that the trial judge exercised her discretion in a way that was motivated by impermissible factors. Therefore, the majority concludes that it is a waivable challenge to the discretionary aspects of sentencing and expressly disapproves of several panel decisions suggesting otherwise.[17]

¶ 20 I respectfully disagree with this result. I believe that our Court's recognition of *Apprendi* and double jeopardy claims, which implicate fundamental constitutional rights, as legality claims suggests that a claim of vindictiveness would fall into the same category. Even though Robinson's sentence is technically "legal"

in that it is within the statutory maximum, one cannot say that the sentence was *constitutionally* legal under *Pearce* and its progeny. Our Supreme Court in *Speight* held that it violates due process to punish a defendant for exercising his constitutional rights or to "chill" the exercise of such rights by sentencing vindictively. 854 A.2d at 455.

¶ 21 As the majority acknowledges, the claims that have been recognized as legality claims "implicate the fundamental legal authority of the [trial] court to impose the sentence that it did." (Majority Op. at 8 (citing *Jacobs, supra* ).) Here, the trial judge had no *constitutional* authority to impose a significantly harsher sentence merely as punishment for Robinson's filing post-sentence motions and taking an appeal. *See Pearce, supra; Speight, supra.* In my view, this is the very hallmark of a legality of sentencing claim.[18] Therefore, I would conclude that a vindictiveness claim is a nonwaivable challenge to the legality of sentencing.[19]

¶ 22 Accordingly, I believe that the harsher sentence imposed on Robinson's second resentencing was not only unlawful,

**17.** *See Commonwealth v. McHale,* 2007 PA Super 131, 924 A.2d 664 (2007); *Commonwealth v. Johnson,* 860 A.2d 146 (Pa.Super.2004); *Commonwealth v. Walker,* 390 Pa.Super. 76, 568 A.2d 201 (1989); *Commonwealth v. Maly,* 384 Pa.Super. 369, 558 A.2d 877 (1989); *Commonwealth v. Mikesell,* 371 Pa.Super. 209, 537 A.2d 1372 (1988).

**18.** I expressed a similar view in my dissent in *Berry, supra.* In that case, our Court concluded that the defendant's PCRA claim that his sentence violated the terms of his plea agreement was a challenge to the discretionary aspects of sentencing and, thus, was waived for failure to raise it in post-sentence motions or on direct appeal. Noting my fervent dissent, I stated:

> While the sentence is—as the majority reasons—*numerically* legal since it falls within

the statutory maximum, it can hardly be said that the sentence, wrought by defective waiver colloquies and judicial error, is constitutionally legal. I cannot partake in the charade of denying relief that Due Process guarantees, on the semantic basis that a sentence is illegal only where it exceeds the statutory maximum.
>
> A sentence woven from unconstitutional fabric, in this case entered in violation of a plea agreement and rules of court, is illegal.

877 A.2d at 486 (Klein, J., dissenting).

**19.** Consequently, I would also uphold our Court's prior panel decisions in *McHale, Johnson, Walker, Maly,* and *Mikesell,* to the extent that they suggest that a vindictiveness claim implicates the legality of sentencing. *See* n. 3, *supra.*

but unconstitutional as well. Unless we correct this fundamental error by the trial judge, there is the specter of an almost certain, and likely successful, federal *habeas corpus* remedy.

¶ 23 Therefore, I must respectfully dissent.

## DISSENTING OPINION BY
## BENDER, J.:

¶ 1 The initial issue before the Court is whether Appellant's assertion of a vindictive sentence is waived for failure to include it in a Pa.R.A.P. 2119(f) statement. The Majority concludes that Appellant's assertion of a vindictive sentence falls within the classification of a challenge to the "discretionary aspect of sentencing" and therefore the issue is not appealable as of right but, instead, it was incumbent upon Appellant to petition this Court for allowance of appeal through the methodology set forth in Pa.R.A.P. 2119(f). I disagree with this premise.

¶ 2 Pa.R.A.P. 2119(f) reads:

(f) Discretionary aspects of sentence. An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of sentence.

By its terms, Pa.R.A.P. 2119(f) requires an appellant to include in his 2119(f) statement only reasons relied upon with respect to challenges to the discretionary aspects of sentencing. Discretion is defined as "freedom of action or judgment." [20] Considering only its terminology, and the definition of discretion, a challenge to the dis-

cretionary aspects of sentencing implies that the error alleged is something within the realm of the discretion or judgment entrusted to the court. The weight to be given to prior convictions and the length of sentence necessary to protect the public are examples of the matters entrusted to the court's discretion in imposing sentence, and an allegation of error in carrying out this function certainly can be properly characterized as a challenge to the discretionary aspects of sentencing. Conversely, if a claim of error is built upon the court's failure to act in a manner it is obligated to act, or is built upon the infringement of a guaranteed right, or simply asserts "plain error," how can it be asserted that this is a challenge to the discretionary aspects of sentencing? Is the court granted discretion to follow the rule as it sees fit? If not, there is nothing discretionary about the act or omission challenged.

¶ 3 Extending the Majority's holding to its logical implication, we can now conclude that since a claim of a vindictive sentence constitutes a challenge to the discretionary aspect of sentencing, the sentencing court is extended discretion to impose a vindictive sentence as it sees fit. From this position, since it has been held that a vindictive sentence violates due process guarantees, it is a simple logical leap to conclude that as it regards sentencing, the court has general discretion to follow or violate the constitution, again, as it sees fit. Of course, this is patently ridiculous. There is no circumstance that I am aware of where the court is allowed or authorized to abridge a defendant's constitutional rights by sentencing in a vindictive manner. As such, the claim that the sentencing court has done just that is not a challenge to the discretionary aspects of sentencing, it is a "legal" challenge to the sentence imposed, even if that sentence

**20.** The American Heritage Dictionary 247    (4th ed.2001).

were within the parameters set by statute and, therefore, facially valid.

¶ 4 In concluding that Appellant's challenge of a vindictive sentence is waived for failure to include it in his Rule 2119(f) statement, the Majority follows an expedient logical progression. The Majority first implies that a challenge to a sentence is **either** a challenge to the legality of the sentence or a challenge to a discretionary aspect of the sentence. Majority Op. at 19–21. The Majority then contends that a challenge to a sentence constitutes a challenge to the legality of the sentence **only** when it claims that the sentence falls beyond the legal parameters prescribed by statute, violates principles of merger/double jeopardy or raises an *Apprendi*[21] challenge. Majority Op. at 21. The Majority then seemingly relegates any but the few enumerated challenges of an illegal sentence to the category of "challenges to the discretionary aspects of sentencing." Thus, according to the Majority, it would seem, since Appellant's challenge does not fit within one of the three enumerated areas we have come to define as challenges to the legality of the sentence, then it must necessarily fall within the catchall category of challenges to the discretionary aspects of sentencing.

¶ 5 While it may not be the Majority's fault, the error in the line of cases involving this issue is the attempt to shoehorn challenges that deal with the imposition of a sentence as either challenging the legality of the sentence or challenging the discretionary aspects of sentencing. This approach is ostensibly born from 42 Pa.C.S. § 9781, entitled "Appellate review of sentence," which seemingly acknowledges only two classes of challenges to a sentence, those challenging the legality of the sentence and those challenging the discretionary aspects of sentencing. However,

by acknowledging only two classes of challenges to a sentence, or matters involving sentencing, the statute seemingly overlooks claims which, quite possibly, are neither claims of discretionary error, nor of illegality of sentence but, rather, are simply claims of legal error that occurred during the sentencing process. Moreover, by limiting the challenges to a sentence as the statute does, the Majority here, and prior panels of this Court, have been forced to define challenges to the discretionary aspects of sentencing more broadly than the term itself connotes or rationally compels, leading to results that are completely non-sensical.

¶ 6 Already, this Court has, in defiance of common connotation, classified a denial of a right to allocution as a challenge to the discretionary aspects of sentencing. *Commonwealth v. Jacobs,* 900 A.2d 368 (Pa.Super.2006). We formulated this holding despite the fact that we acknowledged that the court is mandated to provide a right to allocution. Query: if the court has no discretion in allowing allocution, how can the denial of that right be regarded as a challenge to the discretionary aspects of sentencing?

¶ 7 A similarly puzzling holding apprises us that the miscalculation of an offense gravity score constitutes a challenge to the discretionary aspects of sentencing. *Commonwealth v. Archer,* 722 A.2d 203 (Pa.Super.1998). With respect to this exercise of defying the plain meaning of words, we at least acknowledged the inconsistency between reality and the terminology we have come to apply in these cases, although we did so, somewhat belatedly, in a subsequent opinion. In a moment of candor tucked neatly within the *Jacobs* decision, we made the following observation about *Archer:*

21. *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

The Court came to this conclusion even though trial courts do not, of course, have the "discretion" to make patent and obvious mathematical errors that work to the detriment of criminal defendants. *Jacobs,* 900 A.2d at 374. However, rather than address the inconsistency and irrationality of this terminology and approach, the en banc panel continued the pretense, most likely because the Court, at that point in its analysis, was preoccupied with the waiveability of the issue. Because the panel believed these types of challenges were capable of being waived, they could not term them challenges to the legality of the sentence, which cannot be waived. Thus, faced with only two apparent choices, they shoehorned the challenge into the discretionary aspects of sentencing category.

¶ 8 I would agree with the premise that many legal challenges, or allegations of court error that involve sentencing, are capable of being waived. Nevertheless, this does not render these challenges discretionary aspects of sentencing. If the error alleged does not involve a matter in which the court has discretion, plainly and rationally speaking, it is not a challenge to the discretionary aspects of sentencing. Why then should it be regarded so in legal parlance? Whether or not it was necessary to properly preserve the challenge in the manner one would preserve any other challenge for appellate review is an entirely separate issue, and the two should remain distinct inquiries. The illogic in decisions like *Archer, Jacobs* and the present case is the forced restriction of two categories that do not rationally cover the full range of possible challenges.

¶ 9 Rather than continue these holdings and render our decisions academically suspect, the time is ripe to acknowledge a third class of challenges that are based upon the imposition of sentence, legal errors. Unlike challenges to the legality of sentence, legal errors address mistakes that are not a matter of the court's exercise of discretion. However, because such challenges do not affect the court's authority to impose the sentence in question, they are not claims of illegality of sentence and, as such, are capable of being waived and must be preserved for appellate review in the same manner other claims of error are preserved. However, as they also are not challenges to the discretionary aspects of sentence, there should be no need to include them in an appellant's Pa.R.A.P. 2119(f) statement, nor should an appellant need to petition this Court for allowance of appeal in order to have such errors addressed.

¶ 10 Since this is a Court *en banc,* any errors of analysis made previously can and should be corrected now. It is a better course of action than perpetuating them needlessly. Acknowledging that claims of error in imposing sentence can be claims that are neither challenges to the discretionary aspects of sentencing nor challenges to the legality of sentencing would simply conform the law to reality and common sense while preventing the Court from issuing patently inconsistent or irrational opinions such as those found in *Archer* and *Jacobs.*[22]

22. For those that believe that 42 Pa.C.S. § 9781 would prohibit us from taking this action, the answer lies in drawing a distinction between a challenge to a sentence and a challenge of trial court error that occurred during sentencing. Much like a petition to strike a judgment in civil court, which attacks the judgment upon its face, a challenge to the legality of the sentence attacks the sentence on its face for a lack of authority. Similarly, although not attacking its legal authority, a challenge to the discretionary aspects of sentencing examines the soundness of the sentence in light of any number of factors. Con-

¶ 11 Although the above discussion should demonstrate that there is no rational way the current claim can be thought of as a challenge to the discretionary aspect of sentencing, this does not answer the question of whether the current claim is merely a claim of legal error, which can be waived, or a challenge to the legality of the sentence, which cannot be waived. If the present challenge is viewed as merely raising a legal error, it would be necessary for Appellant to have raised the issue below,[23] (although there would still be no obligation under Pa.R.A.P. 2119(f) to include it in concise statement of reasons). However, as the Majority correctly notes, if the challenge is to the sentence's legality, then, not only would Appellant not be required to include it in a 2119(f) statement, it cannot be waived.

¶ 12 The answer to the above question is found in the prior conclusion that *Apprendi* challenges are challenges to the legality of a sentence, as there is no meaningful distinction between an *Apprendi* challenge and the present challenge. In *Apprendi* challenges, the sentence in question is authorized by statute, thus the sentence has "legal" authority.[24] Indeed, in virtually all cases involving the application of *Apprendi*, *Blakely*,[25] and their progeny, it is acknowledged that the state has the constitutional authority to impose the sentence in question, as long as the defendant's rights

to trial by jury or due process are not violated in the process. Ultimately, it is the imposition of the sentence in question upon a court's finding of fact, as opposed to a jury's finding of fact, that deprives the criminal defendant of his constitutional right to a trial by jury, or, if a preponderance of the evidence standard is also used, violates due process by lessening the burden of proof upon the state. Thus, it is the manner in which the sentence is imposed that deprives constitutional rights.

¶ 13 Similarly, a vindictive sentence is considered a violation of a defendant's constitutional right to due process. Here, as in *Apprendi* cases, the punishment imposed is statutorily authorized, but the manner of the imposition implicates a constitutional deprivation and, thus, subjects the sentence to a constitutional challenge. Clearly, if a sentence imposed in violation of *Apprendi* renders the sentence "illegal," and thus renders an *Apprendi* challenge a non-waiveable challenge to the legality of sentence, the same must be said of a vindictive sentence and a claim that a sentence was unconstitutionally vindictive. It may be a difficult burden to prove that a sentence is vindictive. However, if it is proven, the sentence violates due process and is therefore unconstitutional. Thus, the challenge itself is the same as in *Apprendi*, and, since we have already found

---

versely, a claim of error occurring during the sentencing process does not attack the actual validity of the sentence. That the ultimate relief for the commission of such an error might be the vacation of the judgment of sentence is of no moment, as that is the standard relief we grant for the commission of any judicial error, regardless of whether or not the sentence was valid or invalid. In this context, an allegation of error that occurred during sentencing is no different than, say, an assertion that evidence was improperly introduced.

23. I would note that Appellant did raise the issue of vindictiveness in a motion to reconsider sentence filed after imposition of sentence on October 27, 2004. Thus, even if viewed as a waivable claim of legal error, this act should be viewed as sufficient to properly preserve the matter for appellate review.

24. This is notable as up until now virtually all illegal sentences have been defined by the lacking of statutory authority to impose the sentence imposed.

25. *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

an *Apprendi* challenge constitutes a challenge to the legality of a sentence, we should treat the present challenge accordingly.

¶ 14 For the above reasons, I disagree that it was necessary to include the challenge leveled here within Appellant's PA. R.A.P. 2119(f) statement. As for the underlying merits of the issue, I join the well argued position of my Dissenting Colleague, The Honorable Richard B. Klein.