J-S08036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JHEN A. SCUTELLA, | : | |
| | : | |
| Appellant | : | No. 1136 WDA 2015 |

Appeal from the PCRA Order June 18, 2015
in the Court of Common Pleas of Erie County,
Criminal Division, No(s):  CP-25-CR-0001324-2004

BEFORE:  STABILE, DUBOW and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:　　　　　　**FILED FEBRUARY 29, 2016**

Jhen A. Scutella ("Scutella") appeals, *pro se*, from the Order dismissing his third Petition for relief pursuant to the Post Conviction Relief Act ("PCRA").  **See** 42 Pa.C.S.A. § 9541-9546.  We affirm.

In July 2005, Scutella pled guilty to one count of possession with intent to deliver a controlled substance.[1]  On September 7, 2005, the trial court sentenced Scutella to 4½ to 10 years in prison.  Scutella did not file a direct appeal.

In May 2015, Scutella, *pro se*, filed the instant PCRA Petition, his third. After issuing a Pa.R.Crim.P. 907 Notice of Intent to Dismiss, the PCRA court dismissed the Petition in June 2015.  Scutella filed a timely Notice of Appeal.

On appeal, Scutella raises the following question for review: "Did the [PCRA court] err when it determined the sentence imposed did not violate

---

[1] 35 P.S. § 780-113(a)(30).

[Scutella's] constitutional rights under [a] new rule of law?" Brief for Appellant at 4.

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Initially, it appears that Scutella is not currently serving a sentence. *See* 42 Pa.C.S.A. § 9543(a)(1)(i). Thus, he is ineligible for PCRA relief. *See id.* Even if Scutella were currently serving a sentence, his claim does not entitle him to relief under the PCRA.

Under the PCRA, any PCRA petition "*including a second or subsequent petition*, shall be filed within one year of the date the judgment becomes final[.]" *See* 42 Pa.C.S.A. § 9545(b)(1) (emphasis added). Here, Scutella's judgment of sentence became final in August 2005, when the time for seeking direct review expired. *See* 42 Pa.C.S.A. § 9545(b)(3); *see also* Pa.R.A.P. 903(a). Thus, Scutella had until August 2006 to file a Petition for relief under the PCRA. Because Scutella did not file the instant PCRA Petition until May 2015, his Petition is facially untimely.

However, we may consider an untimely PCRA petition if the petitioner can plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Any petition invoking one of these exceptions "shall be

filed within 60 days of the date the claim could have been presented." *Id.* § 9545(b)(2); *Commonwealth v. Albrecht*, 994 A.2d 1091, 1094 (Pa. 2010).

Here, Scutella claims that the United States Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), affords him relief under the newly recognized constitutional right exception at 42 Pa.C.S.A. § 9545(b)(1)(iii).[2] Brief for Appellant at 7, 10, 12-13.

Scutella did not file the instant PCRA Petition within sixty days of the date the *Alleyne* decision was filed, as required under the PCRA. *See* 42 Pa.C.S.A. § 9545(b)(2). In any event, this Court has held that the *Alleyne* decision is not a sufficient basis to invoke the exception at Section 9545(b)(1)(iii), as the decision does not apply retroactively. *See Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014) (stating that "[e]ven assuming that *Alleyne* did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that *Alleyne* is to be applied retroactively to cases in which the judgment of sentence has become final. This is fatal to [a]ppellant's argument regarding

---

[2] Scutella states that this Court recognized a new "rule of law" in *Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014) (holding that *Alleyne* will be applied to cases pending on direct appeal when *Alleyne* was issued). Brief for Appellant at 10. However, under the PCRA, only the United States Supreme Court or the Pennsylvania Supreme Court can recognize a new constitutional right and determine whether that right will be applied retroactively. *See* 42 Pa.C.S.A. § 9545(b)(1)(iii). Because *Newman* interprets the rule set forth in *Alleyne*, we will interpret Scutella's claim as a challenge to the legality of his sentence under *Alleyne*.

the PCRA time-bar."); *see also Commonwealth v. Riggle*, 119 A.3d 1058, 1067 (Pa. Super. 2015).[3]  Thus, the PCRA court did not err in dismissing Scutella's Petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  2/29/2016

---

[3] While Scutella correctly states that challenges to the legality of the sentence are generally non-waivable, such claims "may [only] be entertained *so long as the reviewing court has jurisdiction*." ***Commonwealth v. Robinson***, 931 A.2d 15, 19-20 (Pa. Super. 2007) (*en banc*) (emphasis added).