J-S27043-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| VINCENT PARKER, | |
| Appellant | No. 826 MDA 2015 |

Appeal from the Judgment of Sentence January 6, 2015
In the Court of Common Pleas of Juniata County
Criminal Division at No(s): CP-34-CR-0000079-2014

BEFORE:  SHOGAN, J., DUBOW, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:                **FILED APRIL 06, 2016**

This is an appeal from the judgment of sentence imposed after a jury convicted Appellant of burglary, graded as a first-degree felony, and theft by unlawful taking, graded as a second-degree felony.[1]  We affirm.

The pertinent facts and procedural history may be summarized as follows:  On the evening of December 12, 2013, the victim drove to Harrisburg to pick up Elizabeth Taylor, an acquaintance, who agreed to spend the evening with him.  After checking into a hotel room and engaging in sexual activity, Ms. Taylor informed the victim that she wished to return to her home.  The victim agreed to take her, however, since it was around

---

[1] 18 Pa.C.S.A. §§ 3502 and 3921(a), respectively.

*Former Justice specially assigned to the Superior Court.

midnight, he did not want to drop her off at her home because it was in an unsafe area of Harrisburg. The two agreed that the victim would drive her to a Burger King where a taxi would be called to take Ms. Taylor to her home. They arrived at the Burger King parking lot at approximately 1:00 a.m., and, after about ten minutes, the taxi had not arrived. According to the victim, Ms. Taylor began to perform oral sex on him when he was abruptly pulled from the vehicle by Appellant, who the victim recognized only by his street name of "Pastor Phil," and an altercation ensued. Leaving the victim lying in the parking lot, Appellant and Ms. Taylor left the area in the victim's vehicle.

Appellant drove to the victim's mobile home in Thompsontown, Juniata County. Upon arriving at the victim's home, Appellant exited the vehicle while Ms. Taylor remained inside. Using a key from the victim's key ring, Appellant entered the mobile home. Approximately fifteen to twenty minutes later, Ms. Taylor exited the vehicle and argued with Appellant. They then proceeded to the victim's other vehicle parked on the property, and drove back to Harrisburg.

After receiving treatment at a local Harrisburg hospital for the injuries he suffered during the altercation, the victim called a friend who drove him back to his mobile home. Upon their arrival, the victim noticed that the vehicle he had driven to Harrisburg was parked at the property, and that his other vehicle was missing. He also noticed that the door to his mobile home

was ajar even though he had locked it before leaving with Ms. Taylor the night before. The two men decided not to enter the mobile home in case anyone remained inside, and contacted the state police. Upon entering the residence, Trooper Banks Bennett and the victim proceeded to a back bedroom that was completely ransacked—the bed had been flipped over, and drawers were left hanging open. The victim informed Trooper Bennett that multiple firearms were missing, as well as cash and other personal items. The victim informed the trooper of the previous incident in Harrisburg, and opined that "Pastor Phil" and Ms. Taylor were the perpetrators of the crime.

Trooper Bennett entered information regarding the victim's vehicle as stolen, the vehicle was later found, and Ms. Taylor was taken into custody. Trooper Bennett later spoke with Ms. Taylor, who confirmed that she was with Appellant when he entered the victim's mobile home, and that Appellant was known as "Pastor Phil." After further investigation, both Appellant and Ms. Taylor were charged in Juniata County with burglary and theft by unlawful taking.

Ms. Taylor testified for the Commonwealth at Appellant's jury trial, and later entered a guilty plea to the crimes charged against her. At the conclusion of the jury trial, Appellant was convicted of burglary, graded as a first-degree felony, and theft by unlawful taking, graded as a second-degree felony. On January 6, 2015, the trial court sentenced Appellant to a term of

three years to eight years of imprisonment for his burglary conviction, and a consecutive term of four years to eight years of imprisonment for his theft conviction, resulting in an aggregate seven to sixteen year term of incarceration. Following the denial of his post-sentence motion, Appellant filed this timely appeal. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant raises the following issues:

1. Did the trial court illegally impose separate and consecutive sentences on the Burglary and Theft By Unlawful Taking offenses, in that the Theft offense merged with the Burglary offense for sentencing purposes?

2. Even if the Burglary and Theft By Unlawful Taking offenses did not merge for sentencing purposes, was the sentence imposed on the Theft By Unlawful Taking offense illegal in that it exceeded the statutory maximum?

*See* Appellant's Brief at 4. We address Appellant's issues together.

Because the issue of whether multiple convictions merge for sentencing purposes is a question implicating the legality of sentence, our standard of review is plenary. *Commonwealth v. Jenkins*, 96 A.3d 1055, 1056 (Pa. Super. 2014) (citation omitted). Additionally, we note that challenges to the legality of sentence are non-waivable. *See*, *e.g.*, *Commonwealth v. Robinson*, 931 A.2d 15, 24 (Pa. Super. 2007).

Section 9765 of the Judicial Code discusses the merger concept, and provides as follows:

**§ 9765. Merger of sentences**

No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only to the higher graded offense.

42 Pa.C.S.A. § 9765. Thus, under this section, "merger is appropriate only when two distinct criteria are satisfied: (1) the crimes arise from a single criminal act; and (2) all of the statutory elements of one of the offenses are included within the statutory elements of the other." *Jenkins*, 96 A.3d at 1056 (citation omitted).

At sentencing the parties discussed the issue of merger with the trial court. Defense counsel first opined that "both offenses [arose] out of the same action; and they should be molded so as to merge for sentencing purposes as a single offense in Juniata County." N.T., 1/6/15, at 4. The Commonwealth disagreed, stating that the convictions resulted from "two separate incidents - - or two separate crimes, the Burglary and the Theft." *Id.* at 5. The following exchange then occurred:

THE COURT: Well, on the merger, I mean, there is two different scenarios we are looking [at] here. I mean, Burglary with the intent to commit a crime therein, if that crime is Theft, I think there might be a merger issue. But some of the stuff we are looking at here was taken outside, like the vehicle, which is a separate offense than the Burglary.

But that was all included in the one count of a Theft, is that correct?

[THE COMMONWEALTH]: That's correct.

THE COURT: So there was some stuff - - the Theft is also alleged as the underlying offense in the Burglary; but yet some of the Theft stuff, like the vehicle, was not alleged in the home.

[THE COMMONWEALTH]: That's correct. They were all included within the one Theft offense, which was the moveable property; the - - the vehicle, the firearms, cash, other items.

N.T., 1/6/15, at 5-6. The trial court then asked defense counsel if he had anything to add, and counsel informed the court of his belief that the trial court "has the discretion to get - - to merge these two offenses." *Id.* at 7. The court concluded the discussion by stating, "I think I have the - - ability to merge or run concurrent regardless on this. I don't know about merge[r], but I think I have the ability to run concurrent or consecutive." *Id.* After hearing from Appellant, the trial court then imposed the consecutive sentences enumerated above.

In his Rule 1925(b) statement of errors complained of on appeal, Appellant asserted that his sentence was illegal because the burglary and theft charges "stemm[ed] from the same transaction (an alleged entry into the alleged victim's residence and alleged taking therefrom of certain items of personalty), [and therefore] the two sentences [sic] should have merged for sentencing purposes." Pa.R.A.P. 1925(b), 6/2/15. Within his brief, however, Appellant raises two alternative bases for challenging the legality

of his aggregate sentence.[2] First, Appellant claims that, "without a specific finding as to what items of property [Appellant] was guilty of stealing, the [trial] court engaged in impermissible speculation in finding that the verdict was for a Felony 2nd Degree Theft of firearms, the only property the grading of which would prevent the statutory merger of the Theft with the Burglary for sentencing." Appellant's Brief at 7. Alternatively, Appellant asserts that, if the crimes do not merge based upon the trial court's reasoning that the theft of the automobile was a separate incident, his theft sentence is still illegal because the four to eight year sentence imposed exceeds the statutory maximum for theft of an automobile, a third-degree misdemeanor. **See id.** Appellant's claims are meritless.

As stated above, section 9765 has two separate criteria; the crimes must arise from a single act, and all of the statutory elements of one of the offenses must be included within the statutory elements of the other. **Jenkins**, **supra**. Here, it is clear that burglary and theft do not share the same statutory elements. **Compare** 18 Pa.C.S.A. § 3502(a) (providing a person is guilty of burglary if with the intent to commit the crime therein a person unlawfully enters a building) with 18 Pa.C.S.A. § 3921(a) (providing a person is guilty of theft if he unlawfully takes moveable property of

---

[2] Although Appellant has altered his claim of illegality on appeal, as noted above, such challenges are non-waivable. **Robinson**, **supra**.

another with intent to deprive him thereof). Thus, Section 9765 does not require merger in this case.

Nevertheless, Appellant acknowledges that the burglary statute provides direction for when the crimes of burglary and theft should merge:

> **(d) Multiple convictions.—**A person may not be sentenced both for burglary and for the offense which it was his intent to commit after the burglarious entry or for an attempt to commit that offense, unless the additional offense constitutes a felony of the first or second degree.

18 Pa.C.S.A. § 3502(d).[3] Contrary to Appellant's assertion, the trial court did not need to resort to speculation to determine the grading of the theft offense. The Commonwealth charged Appellant with, and the jury convicted him of, theft graded as a second-degree felony for stealing multiple items, including firearms. *See* 18 Pa.C.S.A. § 3903(a)(2) (providing that theft is a second-degree felony if the property stolen is a firearm). Thus, pursuant to Section 3502(d), the trial court properly sentenced Appellant for both convictions. Additionally, we note that, because the maximum sentence for a second-degree felony conviction is ten years, *see* 18 Pa.C.S.A. § 1103(2), Appellant's four to eight-year sentence for theft is not illegal.

---

[3] Neither the parties nor the trial court addressed this statutory section at the time of sentencing.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/6/2016</u>