J-S06006-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HILTON FREEMAN | |
| Appellant | No. 1060 EDA 2016 |

Appeal from the Judgment of Sentence January 14, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0005830-2015

BEFORE:  MOULTON, J., RANSOM, J., and FITZGERALD, J.[*]

MEMORANDUM BY MOULTON, J.:                    **FILED JULY 19, 2017**

Hilton Freeman appeals from the January 14, 2016 judgment of sentence entered in the Delaware County Court of Common Pleas following his convictions for two counts of simple assault and one count each of criminal mischief and harassment.[1]  We affirm.

The trial court set forth the facts of this case as follows:

> On November 24, 2013, Ms. Molly Wilwol, herein "victim" was living at 232 East Third Street in Media, Delaware County, Pa. At approximately 11:00p.m.[] that evening, the victim was returning home to her residence from work.  Hilton Freeman, her ex-boyfriend[,] . . . arrived at the victim's home to return some of her belongings after a recent breakup.  When the victim

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2701(a)(1), 2701(a)(3), 3304(a)(5), and 2709(a)(1), respectively.

arrived home, [Freeman] had some of her belongings with him and she let him into her home. [The victim] went upstairs to shower.

As the victim was in the shower, [Freeman] angrily entered the bathroom, demanding to know why another man was calling her phone, and demanding to know if she was cheating on him while they were together. Simultaneous with the yelling, [Freeman] punched through the glass shower, shattering the glass all over the floor and ripping down the shower curtain. The victim attempted to leave the shower but [Freeman] was standing directly in her way, forbidding her passage. The victim eventually freed herself from the shower and went into her room to get dressed, arguing back and forth with [Freeman]. As the two reached the first floor of the house, [Freeman] picked up the victim by her jacket pockets and threw her onto the ground, still demanding to know the identity of the male caller. The victim landed on her back but was still able to get up. The victim was scared and tried to scream; however, [Freeman] put his hand over her mouth. The victim attempted to leave the house; however, [Freeman] would not let her, physically holding her back from doing so. [Freeman] did not stop until he noticed headlights out front. Although they were headlights from a cab, [Freeman] accused the victim of contacting the police, and he ran out the back door.

The victim contacted 911 and Officer Eric Gavin of the Media Borough Police Department responded to her home. Officer Gavin has been a police officer for the past twenty-one years. When Officer Gavin arrived at the home, the victim came to the front door, looked through the glass, and unlocked the door once she realized it was a police officer. Officer Gavin immediately noticed that she was sobbing and out of breath and that her hair was soaking wet and she was wearing a winter jacket with no shoes. As the victim explained what had occurred, she took Officer Gavin upstairs to the bathroom. Officer Gavin observed broken glass and other debris all over the bathroom floor as well as small pieces of glass inside the shower stall area. Officer Gavin also observed a large hole in the glass shower pane and that the shower curtain was lying in and out of the bathtub area.

The victim told Officer Gavin that she was experiencing some pain but refused an ambulance. As he did not have his camera with him, Officer Gavin had [the victim] take photographs of the bathroom in his presence.

The victim provided Officer Gavin with [Freeman's] name and a description, which Officer Gavin provided to other officers so they could begin searching for [Freeman]. Officer Gavin filed a criminal complaint against [Freeman]; however, Officer Gavin was also aware from prior contact with [Freeman] that he uses many different aliases.

Officer Gavin attempted to locate [Freeman] by his social security number for employment, to no avail. Officer Gavin was finally able to locate [Freeman], who was going by a different name, in August of 2015, on the 400 block of West Jefferson Street in Media, PA.

Opinion, 5/10/16, at 2-4 ("1925(a) Op.") (internal citations omitted).

Following a non-jury trial on December 14, 2015, the trial court convicted Freeman of the aforementioned offenses. On January 14, 2016, the trial court sentenced Freeman to 12 to 24 months' incarceration for simple assault—attempt to cause bodily injury and a consecutive term of 9 to 18 months' incarceration for simple assault by physical menace. The court imposed a $300 fine plus $300 in restitution for criminal mischief and imposed no further penalty for harassment.

Freeman timely filed post-sentence motions on January 25, 2016.[2] The trial court heard argument on the motions on February 19, 2016. By

_____

[2] Because the 10-day deadline for filing post-sentence motions fell on Sunday, January 24, 2016, Freeman had until Monday, January 25, 2016 to timely file his motions.

orders dated February 22, 2016 and March 3, 2016, the trial court denied

the post-sentence motions.  Freeman timely appealed to this Court.

Freeman presents two questions for our review:

> [W]hen the testimony from the victim is that she was picked up off the ground by a 225[-]pound [man] and thrown to the floor, and the glass of her shower door was shattered around her, and an attendant circumstance is that she suffer[ed] no injury whatsoever, did the [C]ommonwealth prove beyond a reasonable doubt that [Freeman] attempted to inflict bodily injury or intended to place the victim in fear of imminent serious bodily injury?

> All the elements of [18 Pa.C.S. §] 2701(a)(1) are included in [18 Pa.C.S. §] 2701(a)(3).  Were this panel to affirm both simple assault sentences[,] then those sentences should merge whether or not the issue was litigated at trial because violation of the merger doctrine can't be waived.[3]

Freeman's Br. at 8 (trial court answers omitted).

First, Freeman asserts that the evidence at trial was insufficient to

support both simple assault convictions.  We disagree.

Our standard of review of a sufficiency of the evidence claim is

"whether viewing all the evidence admitted at trial in the light most

favorable to the verdict winner, there is sufficient evidence to enable the

fact-finder to find every element of the crime beyond a reasonable doubt."

---

[3] Although Freeman did not raise this issue in his Pennsylvania Rule of Appellate Procedure 1925(b) statement, and the trial court did not address it in its opinion, we may review it because a merger challenge is a non-waivable challenge to the legality of the sentence.  **See Commonwealth v. Robinson**, 931 A.2d 15, 24 (Pa.Super. 2007).

***Commonwealth v. Britton***, 134 A.3d 83, 86 (Pa.Super. 2016) (quoting

***Commonwealth v. Caban***, 60 A.3d 120, 132 (Pa.Super. 2012)). Further:

> [W]e may not weigh the evidence and substitute our judgment for the fact-finder. In addition . . . the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence.

***Id.*** (quoting ***Caban***, 60 A.3d at 132).

Freeman contends that because the victim did not suffer bodily injury, the evidence does not support his conviction for simple assault—attempt to cause bodily injury. Section 2701(a)(1) of the Crimes Code provides that a person is guilty of simple assault if he or she "attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another." 18 Pa.C.S. § 2701(a)(1). "Bodily injury" is defined as an "[i]mpairment of physical condition or substantial pain." ***Id.*** § 2301. The Commonwealth need not prove that the victim actually suffered bodily injury; rather, it must prove that the defendant intended to inflict bodily injury on the victim by his conduct. ***Commonwealth v. Klein***, 795 A.2d 424, 428 (Pa.Super. 2002).

Here, the evidence established that Freeman intentionally picked the victim up by her jacket and threw her to the floor, where she landed on her back. As the trial court observed, "a grown 225[-]pound man picking up and tossing the victim onto the floor is the very definition of simple assault."

1925(a) Op. at 7. Moreover, Freeman's own testimony was that "I am 225 pounds, [the victim] is like paper compared to my weight." N.T., 12/14/15, at 57. The fact that the victim did not suffer actual bodily injury is immaterial. Viewed in the light most favorable to the Commonwealth, the evidence supports the trial court's finding that Freeman intended to cause bodily injury to the victim by his conduct.

Freeman also contends that the evidence does not support his conviction for simple assault by physical menace because the victim's testimony did not establish that she feared serious bodily injury. Section 2701(a)(3) of the Crimes Code provides that a person is guilty of simple assault if he or she "attempts by physical menace to put another in fear of imminent serious bodily injury." 18 Pa.C.S. § 2701(a)(3). "Serious bodily injury" is defined as an injury that "creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." *Id.* § 2301. Our Court has stated:

> The elements which must be proven [for simple assault by physical menace] are intentionally placing another in fear of imminent serious bodily injury through the use of menacing or frightening activity. Intent can be proven by circumstantial evidence and may be inferred from the defendant's conduct under the attendant circumstances.

*Commonwealth v. Reynolds*, 835 A.2d 720, 726 (Pa.Super. 2003) (internal citations omitted) (quoting *Commonwealth v. Repko*, 817 A.2d 549, 554 (Pa.Super. 2003)); *see also Commonwealth v. Diamond*, 408

A.2d 488, 489 (Pa.Super. 1978) ("Whether in fact [the victim] was put in fear is irrelevant; the question is what [the defendant] intended.").

Here, the victim's testimony, which was credited by the trial court, was sufficient to prove the elements of simple assault by physical menace. While the victim was in the shower, Freeman charged into the bathroom, punched his fist through the glass shower, ripped down the shower curtain, and demanded to know who was calling the victim's cell phone. When the victim tried to leave the shower, Freeman stood directly in her way. Once the victim freed herself from the bathroom, where shards of glass were strewn on the floor, Freeman followed her, still screaming at her. We conclude that Freeman's actions established his intent to put the victim in fear of imminent serious bodily injury. Viewed in the light most favorable to the Commonwealth, the evidence demonstrated the elements of simple assault by physical menace beyond a reasonable doubt.

Second, Freeman asserts that his sentence is illegal because the two simple assault sentences should have merged for sentencing purposes. Freeman contends that he committed a single criminal act with one goal – intimidation – and that all of the elements of section 2701(a)(1) are included in section 2701(a)(3).

A challenge to the legality of a sentence is a question of law for which our scope of review is plenary. *Commonwealth v. Robinson*, 931 A.2d 15, 24 (Pa.Super. 2007). The merger statute provides:

>No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S. § 9765.[4]

In considering whether the offenses should merge, we must determine whether Freeman's incidents of assault constituted a single criminal act or multiple criminal acts. "[W]here a defendant commits multiple distinct criminal acts, concepts of merger do not apply." ***Commonwealth v. Petterson***, 49 A.3d 903, 911-12 (Pa.Super. 2012) (quoting ***Robinson***, 931 A.2d at 24). Our Court has explained:

>When considering whether there is a single criminal act or multiple criminal acts, the question is not "whether there was a 'break in the chain' of criminal activity." The issue is whether "the actor commits multiple criminal acts beyond that which is necessary to establish the bare elements of the additional crime, then the actor will be guilty of multiple crimes which do not merge for sentencing purposes."

***Id.*** at 912 (citations omitted).

The trial court correctly determined that Freeman committed two distinct criminal acts – punching through the glass shower while screaming at the victim and picking the victim up and throwing her to the floor – and

---

[4] In its brief, the Commonwealth does not address whether all of the statutory elements of section 2701(a)(1) are included in the statutory elements of section 2701(a)(3). Because we conclude that Freeman's offenses arose from two criminal acts, we need not reach this question.

that each act independently fulfilled the elements of subsections (a)(1) and (a)(3).  Freeman committed the two assaults in different areas of the house and by different methods.  Although both assaults occurred within a relatively short time period, we conclude that Freeman committed two distinct criminal acts, each of which constituted simple assault.  Freeman "is not entitled to a volume discount for these crimes simply because he managed to accomplish all the acts within a relatively short period of time." **Petterson**, 49 A.3d at 912.  Therefore, the simple assault sentences did not merge.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/19/2017