J-S64030-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LESLIE ALAN PRICE, | |
| Appellant | No. 187 MDA 2017 |

Appeal from the Judgment of Sentence June 10, 2016
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0000076-2016, CP-41-CR-0000417-2015, CP-41-CR-0000743-2014, CP-41-CR-0001318-2013, CP-41-CR-0001665-2013, CP-41-CR-0001966-2013

BEFORE: PANELLA, SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.: **FILED NOVEMBER 20, 2017**

Leslie Alan Price ("Appellant") appeals from the judgment of sentence imposed on June 10, 2016, following his conviction and sentencing at CR-0000076-2016 (simple assault) and revocation of his probation at CR-1318-2013 (forgery), CR-1665-2013 (theft by unlawful taking), CR-743-2014 (theft by deception and receiving stolen property), CR-1966-2013 (theft by deception), and CR-417-2105 (forgery).[1] We affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] The sentencing court also revoked Appellant's probation at CR-777-2015 (furnishing a drug free urine) when it issued its judgment of sentence. Appellant, however, failed to include CR-777-2015 in his notice of appeal;
*(Footnote Continued Next Page)*

The sentencing court set forth the following factual recitation:

On January 20, 2014, [Appellant] entered guilty pleas and was sentenced in cases 1318-2013, 1665-2013, and 1966-2013. Under case 1318-2013, [Appellant] pled guilty to forgery, a felony of the third degree, arising out of taking a $50 check that he received for sealing an individual's driveway and altering it to a $150 check. Under case 1665-2013, [Appellant] pled guilty to theft by unlawful taking, a felony of the third degree, related to taking copper heat exchangers from his employer's premises and selling them as scrap metal for cash. Under 1966-2013, [Appellant] pled guilty to theft by deception, a misdemeanor of the second degree, related to taking an elderly woman with Alzheimer's disease to her bank, posing as her grandson, and obtaining $100 cash from her. [Appellant] was sentenced to serve 24 months[] on the Intermediate Punishment (IP) program with the first five months to be served at the Pre-Release Center (PRC) for theft by unlawful taking, a consecutive term of 24 months' probation for forgery and a consecutive term of 12 months' probation for theft by deception. These sentences were consecutive to any sentence [Appellant] was already serving.

On May 25, 2014, under case 743-2014, [Appellant] pled guilty to theft by deception and receiving stolen property, misdemeanors of the first degree, arising out of an incident on October 16, 2013 where [Appellant] removed a PS3 Move game system and two video games valued at $1109.70 from a residence. [Appellant] took these items to Elite Games, represented that he owned them, and sold them for cash. [Appellant] was sentenced to two years' probation for theft by deception and a consecutive one-year probationary term for receiving stolen property to be served consecutive to any sentence he was serving.

On April 22, 2015, under case 417-2015, [Appellant] pled guilty to forgery, a felony of the third degree, arising out of an incident that occurred between June 30, [2014] and July 5, 2014, in which [Appellant] took a check he received for $50 and

*(Footnote Continued)* ———————————

thus, Appellant's sentence entered at CR-777-2015 is not before this Court. Pa.R.A.P 902.

altered it to a $150 check. [Appellant] was sentenced to 24 months' probation consecutive to any sentence he was serving.

On June 17, 2015, under case 777-2015, [Appellant] pled guilty to furnishing drug free urine, a misdemeanor of the third degree, arising out of an incident on September 11, 2014 in which [Appellant] was instructed to provide a urine sample to his probation officer. The probation officer had received a tip that [Appellant] was going to provide a false urine sample, so the probation officer directed [Appellant] to pull down his pants and underwear before taking the drug test. When [Appellant] did so, the probation officer observed a device with a bag of urine. [Appellant] was sentenced to serve 12 months' probation consecutive to any sentences he was presently serving.

On June 1, 2016, [Appellant] came before the court for a guilty plea and sentencing hearing under case 76-2016 and a probation violation hearing and re-sentencing under cases 1318-2013, 1665-2013, 1966-2013, 743-2014, 1680-2014, 1688-2014, 1692-2014, 417-2015, and 777-2015.[1]

> [1] The court did not include the facts for offenses for cases 1680-2014, 1688-2014, or 1692-2014, because the revocation sentences imposed in these cases was guilt without further punishment and are not part of this appeal.

Under case 76-2016, [Appellant] pled guilty/no contest to a consolidated count of simple assault that encompassed counts 3 and 4 of the Information in exchange for a consecutive period of incarceration, the minimum of which was nine months. [Appellant] was serving several probationary sentences and tested positive for opiates. [Appellant] resisted the probation agents who were trying to detain him in the Adult Probation Office and then he resisted the sheriff deputies that tried to put him in the back of the transport vehicle to take him to the Lycoming County Prison. One of the probation agents was injured when [Appellant] shoved her head into a filing cabinet, and one of the sheriff deputies was [injured] when [Appellant] kicked him in the thigh/groin area.

[On June 10, 2016, the court entered an order sentencing Appellant] to an aggregate term of five years, three months to 17 years' incarceration in a state correctional institution. This

sentence consisted of nine months to two years' incarceration for simple assault in case 76-2016, a consecutive term of one to four years' incarceration for forgery in case 1318-2013, a consecutive term of one to four years' incarceration for theft by unlawful taking in case 1665-2013, a consecutive term of one to two years' incarceration for theft by deception in case 743-2014, a consecutive term of six months to two years' incarceration for theft by deception in case 1966-2013, a consecutive term of six months to two years' incarceration for forgery in case 417-2015 and a consecutive term of six months to one year of incarceration for furnishing a drug free urine in case 777-2015.

Sentencing Court Opinion, 6/21/17, at 1–4.

Although Appellant wished to appeal his sentence, his appointed counsel failed to perfect his appeal in a timely manner. Following a conference and agreement of the parties, the court reinstated Appellant's appeal *nunc pro tunc* on January 12, 2017. Order, 1/12/17 at 1. Appellant filed his timely statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant presents a single question for our review:

Whether the sentence of the court on the probation revocation and new charge was excessive and unduly harsh in light of the underlying crimes and [Appellant's] involvement with treatment court?

Appellant's Brief at 7.

Preliminarily, we note that Appellant is challenging the discretionary aspects of his sentence; thus, he is not entitled to an appeal as of right. *Commonwealth v. Cartrette*, 83 A.3d 1030, 1033 (Pa. Super. 2013) ("[W]e unequivocally hold this Court's scope of review in an appeal from a

revocations sentencing includes discretionary sentencing challenges). ***See also Commonwealth v. Derry***, 150 A.3d 987, 991 (Pa. Super. 2016). An appellant invoking our jurisdiction must satisfy the following four-part test:

> (1) whether appellant has filed a timely notice of appeal, (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, (3) whether appellant's brief has a fatal defect, and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

***Derry***, 150 A.3d at 991 (citations omitted).

Because Appellant's rights were reinstated *nunc pro tunc*, the defects relating to timeliness of his appeal are cured. ***Commonwealth v. Wright***, 846 A.3d 730, 735 (Pa. Super. 2004). Appellant properly preserved the issue by filing a motion to reconsider his sentence and an amended motion seeking the same. Further, we note that Appellant's brief does not contain a fatal defect; it includes a Pa.R.A.P. 2119(f) statement. Thus, the first three parts have been satisfied.

This Court must next determine whether Appellant raised a substantial question that his sentence is not appropriate under the Sentencing Code. Whether a substantial question exists must be determined on a case-by-case basis. ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provisions of the sentencing code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Id***.

In his brief, Appellant asserts that he presents a substantial question concerning the length of his sentence. Appellant's Brief at 17. Specifically, he states "his sentence is unreasonable because the sentencing court failed to fully consider the extent of [Appellant's] involvement in Drug Court in that he was attempting to address his addiction when it imposed such an excessive and unduly harsh sentence, in addition to other individual circumstances." *Id*. The rehabilitative needs of a defendant are among the factors a court should consider when sentencing a defendant. 42 Pa.C.S. § 9721(b). However, "[t]his Court has held on numerous occasions that the claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." *Commonwealth v. Downing*, 990 A.2d 788, 794 (Pa. Super. 2010). *See also Commonwealth v. Zirkle*, 107 A.3d 127, 133 (Pa. Super. 2014) (finding no substantial question where the appellant argued the sentencing court gave too much weight to victim's statements because "we have held that a claim that a court did not weigh the factors as an appellant wishes does not raise a substantial question"). *But see Commonwealth v. Ziegler*, 112 A.3d 656, 662 (Pa. Super. 2015) ("[A]n excessiveness claim in conjunction with an assertion that the court did not adequately consider a mitigating factor may present a substantial question.").

In this case, Appellant specifically asserts that the sentencing court erred because it failed to appropriately consider that Appellant has had

issues with his mental health and was "obsessively focused on [Appellant's] significant addiction issues." Appellant's Brief at 21. However, Appellant concedes that the sentencing court acknowledged Appellant's mental health issues and his participation in treatment court. *Id*. Thus, Appellant is arguing that the sentencing court failed to place proper emphasis on mitigating factors when it sentenced him. This argument does not satisfy the substantial-question standard. *Zirkle*, 107 A.3d at 133. Appellant has failed to allege that the sentencing court's actions were inconsistent with a specific provision of the sentencing code or contrary to the fundamental norms which underlie the sentencing process. Thus, Appellant has failed to raise a substantial question regarding the appropriateness of his sentence under the Sentencing Code.

Even assuming, *arguendo*, that Appellant had raised a substantial question, the sentencing court did not abuse its discretion. Our standard of review of a challenge to the discretionary aspects of sentence is well-established:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Robinson*, 931 A.2d 15, 26 (Pa. Super. 2007).

Moreover, "An abuse of discretion requires the trial court to have acted with manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." *Commonwealth v. Rush*, 162 A.3d 530, 544 (Pa. Super. 2017). This Court has further held:

> In determining whether a sentence is manifestly excessive, the appellate court must give great weight to the sentencing court's discretion, as he or she is in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference.

*Commonwealth v. Colon*, 102 A.3d 1033, 1043 (Pa. Super. 2014).

Further, in the violation of probation context, the sentencing court enjoys an even greater degree of deference. Indeed:

> [W]here the revocation sentence was adequately considered and sufficiently explained on the record by the revocation judge, in light of the judge's experience with the defendant and awareness of the circumstances of the probation violation, under the appropriate deferential standard of review, the sentence, if within the statutory bounds, is peculiarly within the judge's discretion.

*Commonwealth v. Pasture*, 107 A.3d 21, 28-29 (Pa. 2014). In *Pasture* the Pennsylvania Supreme Court also noted a sentencing court does not abuse its discretion by imposing a harsher post-revocation sentence where the appellant initially received a lenient sentence and failed to adhere to the conditions imposed. *Id*. at 28.

Herein, Appellant committed numerous additional crimes while he was on probation and assaulted two probation agents. As the sentencing court stated:

[T]he offenses [for which appellant was convicted] were extremely serious. While under the influence of a controlled substance, [Appellant] openly and physically resisted law enforcement personnel causing injury to them and jeopardizing the safety of others. [Appellant's] criminal conduct took place in the Adult Probation Office and then near the back door to the courthouse near prisoner transport. The personnel, time and resources used to control [Appellant] caused the entire courthouse to be short-staffed and increased the risk of harm to many others.

Regarding the history and characteristics of [Appellant], the simple assault constituted [Appellant's] sixth conviction since he was first sentenced on January 30, 2014. Since being placed on supervision, [Appellant] committed theft, DUI (controlled substance) and drug free urine charges. When he committed the simple assault offence, "he had nine other offenses for which he was serving a sentence."

Sentencing Court Opinion, 6/21/17, at 7.

The sentencing court further considered the fact that Appellant had significant failures on probation, his substance-abuse issues were uncontrolled, and Appellant failed to control his behaviors despite the interventions provided to him. Sentencing Court Opinion, 6/21/17, at 11. Specifically, the court noted that "the prior sanctions and treatments failed to work." *Id*. Given the above, the sentencing court wanted to protect the public from Appellant's behaviors and the court was convinced "that a state prison stay for a lengthy period of time could best rehabilitate [Appellant]." *Id*.

Hence, were we to address this issue, we would find that the sentencing court did not act with manifest unreasonableness, partiality,

prejudice, bias, ill-will or abused its discretion in any manner. For all the foregoing reasons, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/20/2017