J-S65035-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DENISE TAYLOR, | : | |
| | : | |
| Appellant | : | No. 3475 EDA 2016 |

Appeal from the Judgment of Sentence September 9, 2016
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s):  CP-51-CR-0001467-2015

BEFORE:  OLSON, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED NOVEMBER 21, 2017**

Denise Taylor ("Taylor") appeals from the judgment of sentence imposed following the entry of her guilty plea to third-degree murder and possession of an instrument of crime.[1]  We affirm.

In its Opinion, the trial court set forth the relevant procedural and factual history, which we adopt for the purpose of this appeal.  ***See*** Trial Court Opinion, 12/15/16, at 1-3.

On appeal, Taylor raises the following issue for our review:  "Was it not improper for the [trial] court to receive testimony from Thomas Major Cook [("Cook")] during sentencing proceedings consisting of the witness's recommendation that [Taylor] receive the maximum penalty permitted by law?"  Brief for Appellant at 3.

---

[1] ***See*** 18 Pa.C.S.A. §§ 2502, 907(a).

Taylor contends that the sentencing court agreed that Cook's testimony during the sentencing hearing was not proper victim impact testimony, but improperly determined that Cook's statement had no impact on the outcome of the hearing. *Id*. at 15. Taylor asserts that the sentencing court erred by permitting, over objection, Cook to express his personal opinion that Taylor should receive the maximum sentence, and that his opinion was shared by the decedent's entire family. *Id*. at 16. Taylor asserts that "[i]t appears from the record that the sentencing court relied, at least in some part, upon this impermissible sentencing factor in rejecting defense counsel's recommendation[,] and imposing a sentence of 20 to 40 years instead." *Id*. at 17.

In its Opinion, the trial court addressed Taylor's issue, set forth the relevant law, and determined that the issue lacked merit. *See* Trial Court Opinion, 12/15/16, at 3-6. We agree with the sound reasoning of the trial court, which is supported by the record and free of legal error, and affirm on this basis as to Taylor's sole issue on appeal. *See id*.

Judgment of sentence affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/21/2017

- 2 -

**FILED**

DEC 1 5 2016

Criminal Appeals Unit
First Judicial District of PA

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

COMMONWEALTH OF PENNSYLVANIA    :   CP-51-CR-0001467-2015

                                 :

v.                              :



CP-51-CR-0001467-2015 Comm. v. Taylor, Denise
Opinion

DENISE TAYLOR

7878505011

## OPINION

McDermott, J.                                          December 15, 2016

### Procedural History

On November 14, 2014, the Defendant, Denise Taylor, was arrested and charged with Murder and related offenses. On June 22, 2016, the Defendant appeared before this Court and pled guilty to Third-Degree Murder and Possession of an Instrument of Crime ("PIC") under the negotiated stipulation that she would receive no less than a fifteen to thirty year sentence. On September 9, 2016, this Court sentenced the Defendant to twenty to forty years imprisonment for Third Degree Murder and a concurrent sentence of one to two years for PIC.

On September 14, 2016, the Defendant filed a post-sentence Motion for Reconsideration of Sentence. On October 4, 2016, after a hearing on the record, this Court denied the Defendant's post-sentence motion. On October 27, 2016, the Defendant filed a Notice of Appeal. On November 1, 2016, this Court ordered the Defendant to file a Concise Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925(b). On November 22, 2016, the Defendant filed a timely Statement and a Motion for Extension of Time.[1] On December 5, 2016,

---

[1] The Defendant requested an extension to review the Notes of Testimony for June 22, 2016, which had not been prepared at that time. The Notes of Testimony were completed on December 1, 2016.

this Court granted an extension to file a 1925(b) Statement. On December 6, 2016, having reviewed the notes of testimony in this case, the Defendant filed a supplemental 1925(b) Statement, wherein she raised no additional issues.

**Facts**

During her June 22, 2016 plea hearing, the Defendant pled guilty to the following facts:

> [O]n November 12 [ ] [,] 2014 into the early morning hours of November 13 [ ] [,] 2014 the defendant and the victim Sandra Barley were roommates at 47 North 53rd Street in the City and County of Philadelphia.
>
> The defendant during the course of this over 10-hour period, the Commonwealth would produce evidence that the defendant whipped the victim with an extension cord repeatedly causing approximately 115 separate and distinct whip injuries to her body, and those are the distinct once whereas the Commonwealth would not be able to show if there were repeated marks in the same areas.
>
> In addition the defendant slammed the decedent's head into the wall. The defendant also punched the victim multiple times. At trial the medical examiner would have testified that the victim suffered extensive soft tissue contusions as well as multiple rib fractures, and that the cause of death for the victim was blunt impact trauma. To be more specific, the decedent lost so much blood each point of impact or contusion on her body that the victim bled out underneath her skin.
>
> The defendant took as stated previously over the evidence would be over 10 hours to inflict these injuries to the victim. Neighbors reported hearing screams from the victim throughout that at least 10-hour period of time and were available and would have testified at trial.
>
> In addition the defendant called police. The defendant lied to police and told police that three unknown black men in hoodies came into her home and assaulted her and assaulted the victim and she found her in that state. The defendant then staged her apartment as a crime scene by knocking over certain things to say that there had been a break-in. Later at Homicide the defendant did admit that that was all a lie and she did in fact inflict these injuries causing the death of the victim. The medical examiner would have additionally testified that the manner of death was homicide.

N.T. 6/22/2016 at 18–20. Prior to sentencing, this Court reviewed presentence and mental health reports, including a Psychological History Report prepared by the Defendant's Mitigation

2

Specialist, Candace Chang, M.P.A.[2] During the September 9, 2016 sentencing hearing, the Commonwealth presented ten witnesses, including the City of Philadelphia Chief Medical Examiner Samuel Gulino, who testified to the extent of the decedent's injuries, and seven family members who provided victim impact testimony. These witnesses included the decedent's husband Thomas Major Cook, daughter Felicia Barley, grandchildren Ashley Nicole Barley, Brandon Shareaf Kennedy Moore, and Michael Moore, nephew Troy Barley, and cousin Cynthia Calland-Dicks. *Id.* at 34–78. During his testimony, Thomas Major Cook recommended to this Court, without solicitation, that the Defendant receive the maximum penalty under law. *Id.* at 60–63. The Defendant presented two witnesses, her children Ruthedna and Dante Taylor, who described the Defendant's history of sexual abuse and struggles with post-traumatic stress. *Id.* at 90–101.

## Discussion

The Defendant raises a single issue for this Court's review, whether it was improper for the Court to permit witness Thomas Major Cook to testify recommending that the Defendant receive the maximum penalty permitted by law.

Victim impact testimony is permissible when the Commonwealth establishes that the victim's death had an impact on the victim's family as opposed to presenting mere generalizations of the effect of the death on the community at large. *Commonwealth v. Hitcho*, 123 A.3d 731, 761 (Pa. 2015) (*citing Commonwealth v. Eichinger*, 915 A.2d 1122, 1139 (Pa. 2007)). "Testimony that is a personal account describing the devastating impact the [murder] had on the surviving [family] is wholly appropriate and admissible [.]" *Commonwealth v. Bryant*, 67 A.3d 716, 726 (Pa. 2013) (*citing Commonwealth v. Flor*, 998 A.2d 606, 634 (Pa.

---

[2] Chang did not testify at the Defendant's sentencing hearing.

3

2010)). Admission of victim impact evidences rests within the sound discretion of the trial court, which must balance evidentiary value against the potential dangers of unfairly prejudicing the accused. *Id.* A trial court's decision will only be reversed if the defendant sustains the heavy burden of showing that the trial court has abused its discretion by misapplying the law or exercised a manifestly unreasonable, partial, prejudicial, biased, or ill-willed judgment. *Eichinger, supra* at 1140.

In furnishing a sentence, a trial court "shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense [. . .] and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). Sentencing is a matter vested in the sound discretion of the trial court, and will not be disturbed absent a manifest abuse of discretion. *Commonwealth v. Antidormi*, 84 A.3d 736, 760 (Pa. Super. 2014) (*citing Commonwealth v. Robinson*, 931 A.2d 15, 26 (Pa. Super. 2007)).

During the sentencing hearing held before this Court, Thomas Major Cook, the decedent's husband, described the impact the decedent's death had on him and his family. Without prompting, Major Cook further testified that the Defendant deserved the maximum penalty. N.T. 9/9/2016 at 62. After the Defendant objected, this Court agreed that Major Cook's request was not victim impact testimony and directed Major Cook to explain the effect the decedent's death had on him and his family:

> [THE WITNESS:] I look at my daughter and I see Saundra still today, you know. It hurts still today. It's as fresh as it happened November 13 when she was found dead. I'd just like to say one major thing to the judge, specifically.
> THE COURT: Go ahead. Tell me.
> THE WITNESS: I would like the woman or lady that inflicted this punishment on her to get the maximum.
> MR. GROSS: Objection, Your Honor. This is not victim impact.
> THE COURT: I know but his feeling is that the punishment deserves the maximum penalty. Is that correct, sir?

4

THE WITNESS: Yes, ma'am.

THE COURT: Because of the effect that it has on you?

THE WITNESS: Yes.

THE COURT: And your daughters?

THE WITNESS: Not only me, my entire family. I speak for my entire family, grandsons, nieces, granddaughters also, and great grands. They don't have a grandmother to go see.

THE COURT: That's what I need to hear about because, you know, defense counsel's correct. But this is your chance to tell me, and that's what I need to hear, how it's affected everyone in your family. You've told me about you. So how many grand kids are there?

THE WITNESS: There's four, five. Like I said, my great grands, we don't have -- I have three great grands and a grandchild. But we don't have that person to go see, to text, to talk to on the phone. We don't have that anymore, and it hurts daily, you know. It hurts daily.

And I would like to see justice to the fullest extent and beyond inflicted on that person that caused this horrible pain done, if Your Honor can see fit that the maximum is given.

*Id.* at 62–63.

Major Cook's unsolicited statements were not the focus of the prosecutor's or this Court's questioning, which concentrated on the impact the decedent's death had on him and his family. Although Major Cook's emotionally charged statements may have fallen outside the scope of victim impact testimony, this Court, in effect, sustained the Defendant's objection by directing Major Cook to focus on the impact the Defendant's crime had on his family. Given the facts and circumstances surrounding this particular case, Major Cook's emotional outburst is not surprising, and this Court acted within its discretion to maintain order and keep Major Cook on topic.

To the extent that Major Cook's request constituted impermissible victim impact testimony, this Court notes that his statements were isolated and had no impact on the outcome of the Defendant's sentencing hearing. This Court heard testimony from several Commonwealth witnesses that explained the extent of the decedent's injuries, the defendant's history of violence,

5

and the effect the murder had on the decedent's family. In furnishing an appropriate sentence, this Court balanced the Commonwealth's arguments with evidence the Defendant presented concerning physical and sexual abuse she sustained throughout her life.

This Court reviewed the sentencing guidelines prior to imposing its sentence. With a prior record score of one and an offense gravity score of fourteen, the standard range for Third-Degree Murder, with the required deadly weapon (used) enhancement, was 102 months to the statutory limit. After carefully considering each side's witnesses and the above factors, this Court imposed a standard range twenty to forty year sentence for Third-Degree Murder and a concurrent period of one to two years for PIC, for a total sentence of twenty to forty years. In doing so, this Court acknowledged that a lesser sentence would diminish the seriousness of the offense. N.T. 9/9/2016 at 123–125. The Defendant is not entitled to relief, as she fails to demonstrate prejudice.

For the foregoing reasons, the decision of this Court should be affirmed.


BY THE COURT,

Barbara A. McDermott, J.