J-S44039-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JONATHYN WHITE, | : | |
| | : | |
| Appellant | : | No. 3297 EDA 2017 |

Appeal from the Judgment of Sentence August 31, 2017
in the Court of Common Pleas of Monroe County,
Criminal Division at No(s):  CP-45-CR-0000507-2017

BEFORE:  LAZARUS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED NOVEMBER 20, 2018**

Jonathyn White ("White") appeals from the judgment of sentence imposed following his guilty plea to possession with the intent to deliver cocaine and forgery.[1]  We affirm.

In September 2016, the police executed a search warrant of White's home and vehicle.  The police found, *inter alia*, significant evidence of narcotics trafficking and equipment used to counterfeit money.[2]  On June 6, 2017, White entered an open guilty plea to the above-mentioned crimes.  On August 31, 2017, the trial court sentenced White to an aggregate prison term of 30 to 60 months.  The trial court further deemed White eligible for the State

---

[1] 35 P.S. § 780-113(a)(30); 18 Pa.C.S.A. § 4101(a)(2).

[2] The police specifically found evidence of the washing of $1 bills and turning them into $20, $50, and $100 bills.

Motivational Boot Camp. White filed a Motion to Reconsider Sentence, which the trial court denied. White filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement.

On appeal, White raises the following question for our review: "Whether the [trial] [c]ourt abused its discretion at the time of [s]entencing in this matter, by sentencing [White] within the [a]ggravated [r]ange despite mitigating reasons appearing of record?" Brief for Appellant at 7.

White challenges the discretionary aspects of his sentence.[3]

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether this is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa. Super. 2006) (citation omitted).

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provisions of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

---

[3] Because White entered an open guilty plea, his plea did not preclude a challenge to the discretionary aspects of sentencing. **See Commonwealth v. Tirado**, 870 A.2d 362, 365 n.5 (Pa. Super. 2005).

***Commonwealth v. Moury***, 992 A.2d at 170 (Pa. Super. 2010) (quotation marks and citations omitted).

Here, White filed a timely Notice of Appeal, preserved his issue in his Motion to Reconsider Sentence, and included a Rule 2119(f) Statement in his brief. White's claim that the trial court failed to consider mitigating factors in imposing an aggravated-range sentence raises a substantial question. ***See Commonwealth v. Bunn***, 55 A.3d 1254, 1263 (Pa. Super. 2012) (stating that a substantial question is raised where it is alleged that the court imposed an aggravated-range sentence without considering mitigating circumstances).

Our standard of review of a challenge to the discretionary aspects of a sentence is well-established:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrive at a manifestly unreasonable decision.

***Commonwealth v. Robinson***, 931 A.2d 15, 26 (Pa. Super. 2007) (citation omitted).

White contends that the trial court abused his discretion in imposing an excessive sentence by not adequately considering several mitigating factors readily available at the time of sentencing. Brief for Appellant at 11-12. White argues that those factors include his motivation to change his behavior due to

the birth of his first child, his full acceptance of responsibility for his crimes, and his amenability to rehabilitation. *Id.* at 12, 13.

Here, the record reflects that the trial court considered the sentencing laws, rules, regulations, and sentencing guidelines. *See* N.T., 8/31/17, at 11-17. In imposing the sentence, the trial court also reviewed a pre-sentencing investigation report. *Id.* at 4, 9, 11. Where the sentencing judge considered a pre-sentence investigation report, it is presumed that they are "aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988); *see also Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009) (noting that the "sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the pre-sentencing report; thus properly considering and weighing all relevant factors.") (citation omitted).

The trial court also considered White's extensive prior criminal history. *See* N.T., 8/31/17, at 11-14; *see also id.* at 20 (noting that White had a juvenile and adult record score of three and committed a number of infractions in prison). The trial court further noted the severity of the crime and the impact on the community. *Id.* at 13-14. Additionally, the trial court recognized White's possible incentive to rehabilitate after the birth of his child. *See id*. at 13-14. The trial court expressed doubt in White's rehabilitative

prospects at the time of sentencing, but made him eligible for boot camp because it could help White. *See id.* at 14-15.

Based on the foregoing, we discern no abuse of discretion by the trial court in imposing the aggravated-range sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/20/18