J-A18035-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARK ALLEN PRINKEY | : | |
| | : | |
| Appellant | : | No. 1380 WDA 2018 |

Appeal from the PCRA Order Entered August 28, 2018
in the Court of Common Pleas of Bedford County
Criminal Division at No(s): CP-05-CR-0000242-2007

BEFORE: BOWES, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED JUNE 25, 2020**

Mark Allen Prinkey ("Prinkey") appeals from the Order denying his Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

In a prior appeal, this Court summarized the history underlying the instant appeal as follows:

> [Prinkey] took a seven-year[-]old female child into a barn to feed calves, despite the victim first telling him that she did not want to go. While in the barn area, after [Prinkey had] fed the calves, he asked the young child if she had a boyfriend or if she had ever kissed a boy. The victim answered no. [Prinkey] then went down on his knees and placed his hands on her shoulders. The victim then fled the barn and told her teenage half-sister[FN1] and another friend about these actions[,] and that [Prinkey had] attempted to kiss her.

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

[FN1] The sister is [Prinkey's] daughter.

When the victim's mother arrived, the victim relayed the same information to her mother, stating that she thought [Prinkey] was going to try to kiss her.[FN2]  In an interview with police, [Prinkey] stated that he guessed his intent was pleasure and that if he did kiss the victim that the incident could have possibly escalated to additional sexual acts, including the victim potentially performing oral sex.  He did not indicate that he intended for the victim to perform oral sex, although he did admit that he intended to kiss the girl.

[FN2] At trial, the victim did not testify that [Prinkey] tried to kiss her, only that he touched her shoulder after kneeling down.  She also testified that he did not pull her face to kiss her.  The statement to her mother was admitted under 42 Pa.C.S.[A.] § 5985.1, the tender years hearsay exception.

\*     \*     \*

[A jury found Prinkey guilty of attempted involuntary deviate sexual intercourse ("IDSI") with a child, attempted indecent assault with a person less than 13 years of age, and corruption of the morals of a minor.]

…  The court found [Prinkey] to be a sexually violent predator ("SVP"), and imposed an aggregate sentence of ten to twenty-five years [of] incarceration.  [Prinkey] filed a timely post-sentence [M]otion, which the trial court denied.  A timely direct appeal ensued ….  On appeal, [Prinkey] challenge[d] the sufficiency of the evidence, the weight of the evidence, and his classification as an SVP….

A panel of this Court found that [Prinkey's] sufficiency of the evidence claims were waived because his position was "woefully undeveloped[.]"  **Commonwealth v. Prinkey**, 15 A.3d 529 (Pa. Super. 2010) (unpublished memorandum, at 5).  Similarly, it held

that [Prinkey's] weight of the evidence arguments were too undeveloped to be reached. … [T]he panel found all of [Prinkey's] arguments waived due to inadequate briefing, except for his challenge to his classification as [an SVP].

***Commonwealth v. Prinkey***, 83 A.3d 1080 (Pa. Super. 2013) (unpublished memorandum at 1-5) (some footnotes omitted). This Court affirmed Prinkey's designation as an SVP. ***Prinkey***, 15 A.3d 529 (Pa. Super. 2010) (unpublished memorandum at 11).

Prinkey filed a timely first PCRA Petition, which the PCRA court denied. On appeal, this Court concluded that Prinkey's direct appeal counsel rendered ineffective assistance by failing to challenge properly the sufficiency of the evidence underlying his conviction of attempted IDSI. ***Prinkey***, 83 A.3d 1080 (Pa. Super. 2013) (unpublished memorandum at 17). Consequently, this Court reversed Prinkey's conviction for attempted IDSI, vacated his judgment of sentence and remanded for resentencing, because our determination upset the trial court's sentencing scheme. ***Id.***

On remand,

the Commonwealth served [N]otice of its intent to seek a mandatory sentence pursuant to 42 Pa.C.S.[A.] § 9718.2, which mandates a minimum sentence of not less than twenty-five years for the conviction of attempted indecent assault. [Prinkey] then filed a [M]otion to [D]ismiss the Commonwealth's [N]otice. The trial court received briefs from the parties, and[,] on February 19, 2014, immediately prior to resentencing, heard oral arguments and denied [Prinkey's] [M]otion to [D]ismiss. Thereafter, the trial court sentenced [Prinkey] to serve a term of incarceration of twenty-five to fifty years for the conviction of attempted indecent assault, and a consecutive term of incarceration of eighteen to thirty-six months for the conviction of corruption of minors.

[Prinkey] filed a timely post-sentence [M]otion, which the trial court denied on May 8, 2014….

**Commonwealth v. Prinkey**, 125 A.3d 463 (Pa. Super. 2015) (unpublished memorandum at 5).

On appeal, this Court affirmed Prinkey's judgment of sentence. **See id.** (unpublished memorandum at 16). This Court concluded, *inter alia*, that the imposition of a mandatory minimum sentence on remand, following a successful appeal, did not violate Prinkey's constitutional protection against double jeopardy. **Id.** (unpublished memorandum at 11). This Court further determined that, even though the Commonwealth had not filed notice of its intent to seek a mandatory sentence prior to Prinkey's original sentencing hearing, it was not barred from seeking the mandatory minimum sentence at resentencing on remand. **Id.** (unpublished memorandum at 12-13). This Court explained that a defendant has "no legitimate expectation of finality in his sentence[,] after he has filed an appeal therefrom." **Id.** (unpublished memorandum at 13) (quoting **Commonwealth v. Wilson**, 934 A.2d 1191, 1195 (Pa. 2007)).

On May 16, 2016, Prinkey timely filed the PCRA Petition underlying the instant appeal. After a hearing, the PCRA court denied Prinkey relief. PCRA Court Order, 8/28/18. Prinkey subsequently filed the instant timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Prinkey presents the following claims for our review:

I.     Whether or not the application of a mandatory sentence[,] after a successful appeal that disrupts the overall sentencing scheme[,] should be *per se* vindictive and[,] therefore[,] impermissible under both the Federal and Pennsylvania Constitutions?

II.    Whether or not the failure of prior PCRA counsel to advise [Prinkey] that he may face a mandatory sentence of twenty-five (25) years if resentenced was ineffective assistance of counsel?

III.   Whether or not it is a violation of the Double Jeopardy provision[] of the Pennsylvania Constitution for the Commonwealth to impose a mandatory sentence[,] when a matter is remanded for resentencing after a partially successful appeal?

IV.    Whether or not [Prinkey's] registration requirements under Megan's Law must revert to the requirements of Megan's Law II, which was in effect when he was originally sentenced and convicted[,] under **Commonwealth v. Muniz**[, 164 A.3d 1189 (Pa. 2017),] and **Commonwealth v. Butler**[, 173 A.3d 1212 (Pa. Super. 2017) [("**Butler I**")], **appeal granted**, 190 A.3d 581 (Pa. 2018)]?

Brief for Appellant at 5.[2]

To obtain relief under the PCRA, a petitioner must plead and prove, by a preponderance of the evidence, that the conviction resulted from "[a] violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so

_____

[2] We note that in the Argument section of his brief, Prinkey addresses his claims in an order different from that set forth in the Statement of Questions Presented. We will address the issues in the order set forth in his Statement of Questions Presented.

undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(i).

Prinkey first claims that the application of a mandatory minimum sentence, after a successful appeal that overturns the most severe count, should be considered *per se* vindictive. Brief for Appellant at 18. Prinkey acknowledges that there is "no absolute bar that prevents a defendant from receiving a more severe sentence upon resentencing after a successful appeal." *Id.* at 19. However, Prinkey posits that the Due Process Clause of the Fourteenth Amendment protects defendants "from receiving heavier sentences on appeal[,] for the explicit purpose of punishing the defendant for his successful appeal." *Id.* (citing **North Carolina v. Pearce**, 395 U.S. 711 (1969)). Prinkey contends that "if the first conviction has been set aside for non-constitutional error, the imposition of a penalty upon the defendant for having successfully pursued a statutory right of appeal or collateral remedy would be no less a violation of due process of law." Brief for Appellant at 20. Prinkey argues that "the imposition of a mandatory sentence, after a successful or partially successful appeal, should be *per se* unconstitutional, as it places an unconstitutional obstruction in the exercise of a [d]efendant's due process rights." *Id.*

Prinkey also asserts that the Commonwealth failed to cite any evidence, arising during the 7-year period between the imposition of the original sentence and Prinkey's resentencing, which would overcome the presumption

that an increased sentence was vindictive. *Id.* at 24. According to Prinkey, "the Commonwealth's only evidence at the resentencing hearing for imposing the mandatory sentence was the Commonwealth's belief that the ten (10) year minimum sentence [for his vacated IDSI conviction] was sufficient; but that the new seven (7) year sentence [for his conviction of indecent assault] was not." *Id.* Prinkey claims that this argument does not meet the constitutional minimums required by the United States Supreme Court in *Pearce* and *Wasman v. United States*, 468 U.S. 559 (1984). Brief for Appellant at 24.

In essence, Prinkey claims that his challenge to the sentence, as being vindictive, should be considered as a challenge to the *legality* of his sentence. However, an *en banc* panel of this Court has held that a claim challenging a sentence as vindictive implicates the *discretionary aspects* of sentencing. *Commonwealth v. Robinson*, 931 A.2d 15, 20 (Pa. Super. 2007) (*en banc*). A three-judge panel of this Court is not empowered to overrule another panel of the Superior Court, let alone an *en banc* panel. *Commonwealth v. Beck*, 78 A.3d 656, 659 (Pa. Super. 2013). Only an *en banc* panel of the Superior Court, or our Supreme Court, could overrule *Robinson*.

Consequently, Prinkey's claim implicates the discretionary aspects of sentencing. *See Robinson*, *supra*. Requests for relief with respect to the discretionary aspects of sentence are not cognizable in PCRA proceedings. *Commonwealth v. Fowler*, A.2d 586, 593 (Pa. Super. 2007) (stating that

"[c]hallenges to the discretionary aspects of sentencing are not cognizable under the PCRA."); *see also Commonwealth v. Jordan*, 2001 PA Super 111, 772 A.2d 1011, 1016 (Pa. Super. 2001) (observing that "[t]his Court's case law has stated that a challenge to the discretionary aspects of sentencing is a matter that must be reviewed in the context of a direct appeal and cannot be reviewed in the context of a PCRA."); 42 Pa.C.S.A. § 9543(a)(2). Because Prinkey's claim is not cognizable under the PCRA, we cannot grant him relief on his challenge to the sentence as vindictive.[3]

In his second claim, Prinkey argues that his PCRA counsel rendered ineffective assistance by failing to warn him of a possible mandatory minimum sentence, should he successfully challenge the sufficiency of the evidence underlying his conviction of attempted IDSI. Brief for Appellant at 13, 16. Prinkey contends that his counsel had no reasonable basis for failing to advise him of the potential imposition of a mandatory minimum sentence from 10 years to at least 25 years is "a significant factor that any person should be able to weigh before taking any action during a criminal proceeding." *Id.* at 17. Finally, Prinkey asserts that he suffered prejudice as a result of counsel's dereliction, as the consequences of counsel's failure resulted in the application of a mandatory minimum sentence. *Id.* at 17-18.

---

[3] We are constrained to reach this conclusion, based upon the clear holding in *Robinson*. However, we are troubled that this case appears to be a blatant example of prosecutorial vindictiveness.

To be entitled to relief on an ineffectiveness claim, a petitioner must prove that the underlying claim is of arguable merit; counsel's performance lacked a reasonable basis; and counsel's ineffectiveness caused him prejudice. *Commonwealth v. Solano*, 129 A.3d 1156, 1162 (Pa. 2015).

> Prejudice in the context of ineffective assistance of counsel means demonstrating there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. This standard is the same in the PCRA context as when ineffectiveness claims are raised on direct review. Failure to establish any prong of the test will defeat an ineffectiveness claim.

*Id.* at 1162-63 (citations omitted).

At the evidentiary hearing, Prinkey's prior PCRA counsel conceded that he did not advise Prinkey of the potential for the imposition of a mandatory minimum sentence. N.T. (PCRA Hearing), 4/21/17, at 21-22. Counsel explained that at the time Prinkey filed his 2011 PCRA Petition, the statute then in effect, 42 Pa.C.S.A. § 9718.2, provided that the Commonwealth must give notice of its intent to seek the mandatory sentence before trial. *See* 42 Pa.C.S.A. § 9718.2(d) (2011) (stating that the notice of the application of this section shall be provided to the defendant before trial). In 2012, Section 9718.2 was amended to provide that the Commonwealth give notice of its intent to seek the mandatory sentence before sentencing. 42 Pa.C.S.A. § 97182(d) (2012). "[C]ounsel cannot be deemed ineffective for failing to predict changes in the law." *Commonwealth v. Cousar*, 154 A.3d 287, 303 (Pa. 2017) (citations omitted). Further, because counsel had a reasonable

basis for his actions, we cannot grant Prinkey relief on his ineffectiveness claim. *See Solano*, 129 A.3d at 1163.

In his third claim, Prinkey claims that the imposition of a mandatory minimum sentence, imposed on remand following a partially successful direct appeal, violated his constitutional protection against double jeopardy. Brief for Appellant at 26. Based on our resolution of Prinkey's first claim, we need not address this issue. However, we observe that on direct appeal, Prinkey unsuccessfully challenged the imposition of the mandatory minimum sentence as violating his constitutional protection against double jeopardy. *Prinkey*, 125 A.3d 463 (Pa. Super. 2015) (unpublished memorandum at 11). Because this claim was previously litigated, it is not cognizable under the PCRA. *See* 42 Pa.C.S.A. § 9543(a)(3) (providing that a petitioner is not eligible for post-conviction relief if he previously has litigated the allegation of error).

In his fourth claim, Prinkey argues that his SVP designation, under the Sexual Offender Registration and Notification Act ("SORNA"),[4] is illegal pursuant to our Supreme Court's decision in *Muniz*, and this Court's subsequent holding in *Butler I*. *See* Brief for Appellant at 31. Prinkey acknowledges that he was "sentenced and classified under Megan's Law II, also known as Act 152 of 2004." *Id.* Under Megan's Law II, Prinkey was required to register as a Tier I offender for 10 years; "however, because he

---

[4] *See* 42 Pa.C.S.A. §§ 9799.10-9799.42.

was determined to be a[n SVP,] he was subject to a lifetime registration period." *Id.* Prinkey recognizes that the adoption of SORNA in 2012 modified the registration requirements to make him subject to an increased reporting period, even without the SVP designation. *Id.*

Relying on *Butler I*, Prinkey argues that the SVP determination should be found "beyond a reasonable doubt" by the factfinder. *Id.* at 32. On this basis, Prinkey argues that his designation as an SVP is unconstitutional under *Muniz* and *Butler I*, and must be removed. *Id.* Prinkey asserts that, once this designation is removed, he is subject to a 10-year registration period. *Id.* at 33. Relatedly, Prinkey relies upon this Court's unpublished decision in *Commonwealth v. Robinson*, 195 A.3d 1003 (Pa. Super. 2018) (unpublished memorandum), for the proposition that *Butler I* should be applied retroactively to his PCRA Petition. Brief for Appellant at 33-34.

Prinkey's argument is premised on his claim that *Butler I* should be applied retroactively on collateral appeal, to remove his designation as an SVP. In *Butler I,* this Court deemed unconstitutional the SVP assessment provision of SORNA, 42 Pa.C.S.A. § 9799.24, because "it increases the criminal penalty to which a defendant is exposed without the chosen fact-finder making the

necessary factual findings beyond a reasonable doubt."[5]  *Butler*, 173 A.3d at 1218.  On March 26, 2020, however, the Pennsylvania Supreme Court reversed this Court's decision in *Butler I*.  *See Commonwealth v. Butler*, 2020 Pa. LEXIS 1692 ("*Butler II*").

In *Butler II*, our Supreme Court held that the registration, notification, and counseling ("RNC") requirements "applicable to SVPs do not constitute criminal punishment."  *Id.* at *44.  Therefore, SORNA's procedural mechanism for designating sex offenders as SVPs does not violate the principles set forth in *Apprendi v. New Jersey*, 530 U.S. 466 (2013), or *Alleyn v. United States*, 570 U.S. 99 (2013).  *Butler II*, 2020 Pa. LEXIS 1692 at **30-31 (relying on *Commonwealth v. Lee*, 935 A.2d 865, 880 (Pa. 2007), which recognized that *Apprendi* claims cannot succeed where sanctions do not constitute punishment).  The Supreme Court explained that,

---

[5] In response to *Muniz*, the General Assembly passed SORNA II, which became effective on June 12, 2018.  Act of Feb. 21, 2018, P.L. 27, No. 10 (Act 10); Act of June 12, 2018, P.L. 140, No. 29 (Act 29).  SORNA II is

> divided into two distinct subchapters — Subchapter H, which applies to "individuals who committed a sexually violent offense on or after December 20, 2012, for which the individual was convicted[,]" 42 Pa.C.S.[A.] § 9799.11(c), and Subchapter I, which applies to individuals who committed a sexually violent offense "on or after April 22, 1996, but before December 20, 2012," and whose period of registration has not yet expired or whose registration requirements under a former sexual offender registration law have not expired. 42 Pa.C.S.[A.] § 9799.52.

*Commonwealth v. Moore*, 222 A.3d 16, 20 (Pa. Super. 2019).

- 12 -

[a]lthough we recognize the RNC requirements impose affirmative disabilities or restraints upon SVPs, and those requirements have been historically regarded as punishment, our conclusions in this regard are not dispositive on the larger question of whether the statutory requirements constitute criminal punishment. This is especially so where the government in this case is concerned with protecting the public, through counseling and public notification rather than deterrent threats, not from those who have been convicted of certain enumerated crimes, but instead from those who have been found to be dangerously mentally ill. Under the circumstances, and also because we do not find the RNC requirements to be excessive in light of the heightened public safety concerns attendant to SVPs, we conclude the RNC requirements do not constitute criminal punishment.

*Id.*, 2020 Pa. LEXIS 1692, *30 (citation omitted).

Because ***Butler II*** provides no basis upon which to vacate Prinkey's SVP designation, we cannot grant him relief on this claim. Accordingly, we affirm the Order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/25/2020

- 13 -